McKNIGHT and another vs. LIVINGSTON and others.

VACATING JUDGMENT.    *Statutory power to relieve against judgment within one year, defined.*

1. The power of the court to relieve against a judgment or order, after the term and within one year after notice of such judgment or order to the moving party, on the grounds and in the manner prescribed by sec. 38, ch. 125, R. S. 1858, is purely statutory; and the motion for such relief must be not only made but *decided* within the year. *Knox v. Clifford,* 41 Wis., 458, and *Whitney v. Karner,* 44 id., 563, approved; and *Butler v. Mitchell,* 15 Wis., 356, and 17 id., 53, so far as in conflict herewith, overruled.

2. Whether a party who had requested a delay in the decision of such a motion until after the expiration of a year, would be permitted, on an appeal from such decision, to allege, as a ground of reversal, that it was not made within the year, not here determined.

APPEAL from the Circuit Court for *Chippewa* County.

The plaintiffs appealed from an order setting aside a judgment in their favor against the defendants, and granting a new trial.    The facts are stated in the opinion.

For the appellants, there was a brief by *Joseph S. Carr,* and oral argument by *Ed. E. Bryant.*

For the respondents, there was a brief by *Bingham & Pierce* and oral argument by *Mr. Bingham.*

TAYLOR, J.    This is an appeal from an order setting aside a judgment against the defendants and granting a new trial. The record shows that all the defendants appeared by attorney in the action and answered, but that they did not appear upon the trial and defend the same.    The case was regularly noticed for trial for the December term, 1876, and tried, so far as it was tried at all, December 12, 1876.    Judgment, it seems, was not perfected until February 1, 1877.

The record also shows that the defendant *Livingston* had notice of the judgment in the action as early as the first day

of March, 1877. His affidavit upon that point is, that he first learned of the judgment "about the first of March, 1877, and not before." The affidavit of J. M. Bingham, one of the attorneys for *Mr. Livingston*, states that on the first day of March, 1877, he received a letter from Wilmarth of Ashland, informing him of this action, and that a judgment had been entered therein for plaintiffs against the defendants, which was prejudicial to the rights of *Livingston*, and advising him (Bingham) to investigate the matter and get a new trial. It is therefore very clear that the agent of *Livingston* (Mr. Wilmarth) had notice of this judgment some days before the first day of March, 1877. *Livingston* also states in his affidavit, that sometime in January, 1877, he received information from Wisconsin that there was a suit with plaintiffs, but could not understand it, as he supposed every thing was settled, and did not know that this was the same action of the commencement of which *Bohrer* had informed him in October, 1876; that, on the receipt of such information in January, 1877, he immediately wrote to Wilmarth at Ashland, and to the defendant *Daniel Grant*, to look after his matters in Wisconsin; and that he believes Wilmarth did employ Bingham and Pierce of Chippewa Falls, to look after his interest. It is evident, therefore, that Wilmarth, the agent of the defendant *Livingston* for the purpose of looking after his interest in this litigation, and to employ attorneys for him to defend his interests therein, had notice of the entry of this judgment before the first day of March, 1877; and from the fact that *Livingston*, the defendant, swears cautiously and indefinitely that, "about the first of March, and not before," he received notice from his agent of this judgment, it is very clear to my mind that he received the notice as early as the first day of March, 1877.

The record shows that the attorneys for the defendant *Livingston*, sometime in March, 1877, procured a stay of proceedings upon the judgment for sixty days, and afterwards another stay of thirty days; and that no motion to set aside

McKnight and another vs. Livingston and others.

the judgment was made until the 30th of January, 1878. This motion was heard on the 18th of February, 1878, and denied, with leave to renew the same. On the 26th of February, 1878, the defendant *Livingston* procured an order that the plaintiffs show cause on the 28th day of February, 1878, why the judgment should not be set aside and vacated, and the defendant *Livingston* be permitted to answer in said action. Upon this order to show cause, a hearing was had on said 28th day of February, 1878; but no decision upon such hearing was made until the 8th day of April, 1878, when the court made an order, of that date, setting aside the judgment and allowing the defendant to file an answer.

It is very clear that the court made no order, either orally or in writing, vacating and setting aside the judgment, until after the expiration of more than one year after the defendant making the motion had notice of such judgment. The record does not disclose that the delay in making the order was occasioned by the request of the plaintiffs; and we must presume, therefore, that it was the act of the judge of the court, without the request of either party.

It is not claimed by the counsel for the defendant that the court had any power to make the order it did in the case, unless such power is given by sec. 38, ch. 125, R. S. 1858. The language of the section, so far as it is applicable to this question, is as follows: " The court may also, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding against him, through his mistake, inadvertence, or surprise, or excusable neglect." The plain reading of the statute is, that the court may grant the relief indicated within one year after the party asking such relief has notice of the judgment, order or other proceeding against which he seeks such relief. The law is one which grants powers not before exercised by courts, and fixes a limit to the time within which such powers may be exercised.

The right to exercise this power at all is conceded to be conferred only by this statute. And it seems equally clear that such power must therefore be exercised within the time fixed by the statute for that purpose.

It is the policy of the law to bring litigation to an end as speedily as possible, without doing injustice to the parties. And it is the interest of parties litigant that such policy should be adhered to, and enforced by the courts. The law above cited is sufficiently liberal in its provisions. It does not require a party to move until he has full notice of the wrong against which he seeks relief, and then gives him a full year to bring his case before the court and get his relief; and if he fails to do so, there would seem to be no just reason for complaint. It is argued that the party cannot compel a decision of his application, in case the judge should delay in giving it. This is not strictly so; a *mandamus* might perhaps compel a decision, if it were improperly delayed. But practically there is no difficulty in the matter. It is not to be presumed that any of the judges of the courts of the state would refuse to decide a question of this nature promptly, if they were desired to do so and were cognizant that any delay would prejudice the rights of the parties.

The parties can always, by proper diligence, bring the matter before the court for decision in such time that, in cases requiring great deliberation, the court will not be compelled to decide without proper deliberation in order to save the rights of the applicant.

If the applicant will delay bringing his case before the court until the last day upon which the same can be heard and determined, he must take the risk of the court's making a prompt disposition of the matter; and if, from the difficulties of the case, the judge presiding should decline to decide the same *instanter*, it is his own fault that his chance for relief is barred.

It is urged against holding that the relief under this statute

·must be, in fact, granted within the year, that it might work great injustice to the applicant, if the circuit court erroneously refused to grant the relief asked, and the applicant were compelled to appeal for relief against such erroneous order to this court, as it is quite probable the year would expire in such case before a decision reversing such order could be obtained here. We do not think there would be any difficulty in such an event. In the case supposed, this court would undoubtedly direct the court below to enter the order granting the relief which it ought to have granted, of the date of the order appealed from. It is equally apparent, that an appeal from an order granting the relief could not prejudice the party applying for the same. If this court should, upon such appeal, affirm the order, it would stand as of the date at which it was made; and if it were reversed, that would be at least presumptive evidence that the relief ought not to be granted. Such a result, it is true, might prevent the party seeking the relief from the privilege of making a second application upon different grounds for the same relief; but, as a general thing, the right to make second or third applications for the same relief is not a right which the courts are very solicitous to preserve. Ordinary diligence will in nearly every case enable the applicant to embody all the grounds upon which he claims his relief, in his first application; and it is not the policy of courts to strain the construction of a statute to meet exceptional cases.

Upon a careful review and consideration of the cases of *Butler et al. v. Mitchell et al.*, 15 Wis., 356, 17 Wis., 53; *Knox v. Clifford*, 41 Wis., 458, and *Whitney v. Karner*, 44 Wis., 563, and in view of the plain and unequivocal language of the statute itself, we have concluded to approve the rule laid down in *Knox v. Clifford* and *Whitney v. Karner*, and hold, as it was held in those cases, that the motion for the relief asked under the provisions of sec. 38, ch. 125, R. S. 1858, and sec. 2832, ·R. S. 1878, must not only be made and brought to a hearing

within the year, but there must also be a decision of the court or judge within the same time; and so. far as the case of *But-ler et al. v. Mitchell et al.* is in conflict with this opinion, it must be considered as overruled.

It was suggested by the counsel for the respondents on the argument of this case, that the delay in making the decision upon the order to show cause was at the express request and for the benefit of the appellants, and that they should not, therefore, be permitted to take advantage of such delay, or be heard to allege that the decision was not made in time. This statement was denied by the attorney for the appellants, and there is nothing in the record which shows that the facts are as stated by the counsel for the respondents. We are not called upon, therefore, to consider whether a party who had requested a delay in the decision of a motion to set aside a judgment under said section, until after the year had expired, would, upon an appeal from such decision, be permitted to allege, as a ground for reversing the same, that it was not made within the year.

*By the Court.* — The order of the circuit court is reversed.

RYAN, C. J., took no part.