PLATT, Appellant, vs. SCHMIDT, imp., Respondent.

*September 24 — October 21, 1902.*

*Omissions and defects due to inadvertence: Amendment: Discretion: Appeal: Bill of exceptions: Laches: Terms of relief:* Res judicata.

1. When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise

be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy.

2. Appellant in this case is *held* not to have been guilty of laches in attempting to cure the omission, by oversight, of certain written exceptions from the bill of exceptions, it appearing that, upon discovery of the omission, he dismissed the appeal, paid the costs in the appellate court, and moved promptly for relief in the trial court, and that subsequent delays in that court were caused by respondent's technical objections and not by any want of diligence on appellant's part.

3. The denial by the trial court of a motion for leave to serve and settle a new bill of exceptions and for an extension of time therefor, did not render the matter *res judicata* so as to preclude permission to amend the bill of exceptions previously settled by adding thereto certain written exceptions already on file, which had been omitted by oversight.

4. If the granting of plaintiff's motion to amend a bill of exceptions by adding written exceptions omitted by oversight makes it necessary, for the protection of defendant, to incorporate certain additional evidence, requests to find, and exceptions reserved, that privilege may be accorded to defendant as one of the terms of granting plaintiff's motion.

APPEAL from an order of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

This was an action to foreclose a mortgage originally for $6,500, on which it was claimed that there remained $5,000 unpaid. One of the principal defenses was the payment of an additional $1,000 and the tender of the balance of $4,000 before commencement of the suit, and the keeping good of said tender. This defense was substantially sustained by the findings and judgment, which latter was that the plaintiff's complaint be dismissed. That judgment was entered on May 14, 1901, and on the same day plaintiff filed exceptions to several of the findings of fact and conclusions of law. A bill of exceptions was thereafter settled, which, through oversight of plaintiff's counsel, failed to embody such exceptions, containing merely a reference thereto in the following words:

"To which findings of fact and conclusions of law the plaintiff duly filed his written exceptions, which are of record herein and not here repeated." Plaintiff then appealed from said judgment, and the case in this court was set for argument on October 16, 1901. On October 15th—being regular motion day—the plaintiff moved that the record be returned to the county court in order that the bill of exceptions might be amended or corrected by incorporating such exceptions therein, which motion was denied for the reason that the case was already assigned for argument, whereupon, on October 16, 1901, plaintiff was permitted to dismiss his appeal without prejudice.

On November 16th, having first applied to defendant's attorneys for a stipulation to make such correction, the plaintiff obtained an order to show cause, returnable on the 26th of that month, why he should not be granted leave to prepare and settle a new and corrected bill of exceptions, and the time extended for the preparation and settlement of said bill of exceptions to the 16th day of December, 1901. On the return day of that motion defendant's attorney opposed merely by an affidavit to the effect that no notice of the filing of the *remittitur* from the supreme court had been served upon him, and that at the time the order to show cause was issued such *remittitur* had not been filed with the clerk of the trial court. An examination of the record discloses that it was so filed on November 20, 1901, prior to said day of hearing. On this objection the county court denied that motion of the plaintiff by order dated December 1, 1901. Thereupon, and on December 16, 1901, plaintiff repeated the same motion by issue and service of an order to show cause returnable on the 24th of December. The time of hearing was by stipulation continued to the 14th day of January, 1902. The order to show cause was accompanied by affidavit stating the circumstances of the inadvertence of plaintiff's counsel by which the exceptions to findings were omitted from the bill of

exceptions, the necessity thereof for the trial of the issues, and the desire of the plaintiff to prepare and settle a new and corrected bill of exceptions because of such inability to have the judgment reviewed on the merits without such exceptions. Against this motion defendant, *Josephine Schmidt,* filed affidavits, devoted mainly to showing the inconvenience resulting to her from the requested extension of time to serve and settle bill of exceptions, and pointing out the injury under which she necessarily labored by reason of having been obliged to borrow the $4,000 tendered into court and kept good by tender; also enlarging upon the fact of the large wealth of the plaintiff, and the alleged unnecessary haste of the plaintiff to commence the present action and impose costs upon the defendant. The court thereupon, on January 14th, entered an extended order, reciting in substance the facts set forth in the defendant's affidavit, and denying plaintiff's motion.

Thereupon, on the 18th day of January, 1902, the plaintiff served notice of a motion to amend the bill of exceptions by substituting for the clause above recited the words, "To which findings of fact and conclusions of law the plaintiff duly filed his written exceptions, as follows, to wit: [Copy of exceptions.]" This was supported by substantially the same affidavit as the previous motion to extend time for settling a new bill of exceptions, and was also based upon the record, which showed the overruling of that motion. It was opposed by the defendant, stating that it would be necessary, in the event of such amendment, that certain other amendments showing defendant's request for findings and exceptions to the refusal thereof, as also certain of defendant's exceptions to the findings actually made, should be included, as also certain items of evidence; and by said affidavit also urged that this motion was but a repetition of the previous motion. Hearing was postponed by consent of parties until the 10th day of March, and on the 11th day of March an order was entered by the

county court that the motion to amend by inserting therein as requested by the plaintiff be and was in all things overruled and denied, and that the following words, to wit, "To which findings of fact and conclusions of law the plaintiff duly filed his written exceptions, which are of record herein and not here repeated," where they occur in the original bill of exceptions, be and were stricken out as incorrect, and not in accordance with the law and with the facts; also that the plaintiff pay the costs of the motion: From this order the plaintiff appeals.

*A. C. Umbreit,* counsel, for the appellant.

For the respondent there was a brief by *Sawyer & Sawyer,* and oral argument by *H. W. Sawyer.*

DODGE, J. No doubt whatever is suggested that the plaintiff did duly and in form file exceptions to the findings of fact of the trial court, and that he did intend and attempt to so incorporate into his bill of exceptions the fact that such exceptions were taken as to enable this court to review those findings in the light of the evidence. Neither the court below nor the counsel for the respondent could have otherwise interpreted the assertion in the bill of exceptions quoted in the foregoing statement of facts. Nor does counsel for the respondent venture to controvert the assertion in the affidavit of appellant's attorney that the omission to include in the bill itself those exceptions, or to so refer to and identify them as to make them a part of the bill, was through inadvertence and excusable neglect. When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation

of the merits of the controversy. *Wicke v. Lake,* 21 Wis. 410; *Cleveland v. Hopkins,* 55 Wis. 387, 390, 13 N. W. 225; *Whereatl v. Ellis,* 70 Wis. 207, 35 N. W. 314; *Boutin v. Callin,* 101 Wis. 545, 77 N. W. 910; *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870; sec. 2832, Stats. 1898.

The objections made to appellant's motion to supply his omission, so far as disclosed either by the affidavit of respondent's counsel or by his brief and argument in this court, rested upon two contentions: First, that the appellant had been guilty of *laches* and delay in attempting to cure such omission; and, secondly, that the matter of such application had become *res adjudicata* by the denial of his motion to grant an extension of time and leave to settle a new bill of exceptions.

In the case before us the facts as to *laches* are not in controversy, but appear mainly upon the record. That record, together with the affidavits, while indicating that delays might well cause embarrassment and expense to the defendant for the reason that she is keeping up a deposit in court of the sum which she concedes to be due upon the mortgage, fail to disclose any lack of diligence on the part of appellant's attorney after discovering the omission sought to be remedied. Such discovery, it is apparent, did not take place until his attention was called to the subject by respondent's brief upon the former appeal, whereupon he dismissed, paid the costs in this court, and promptly—indeed, too promptly, perhaps— made a motion seeking one form of relief. Conceding that, because the first order to show cause was signed before the record and *remittitur* reached the county court of Dodge county, the defendant had a right to object to further proceedings thereunder, still any delay thereby resulting was due to such objection, and not to appellant. There was no jurisdictional obstacle whatever to the court's considering the application for leave to serve a new bill of exceptions on the 26th day of November, 1901. The record was then in

that court, and respondent, if anxious for expedition, could then have offered and presented any objections that he had to such motion on its merits. On the contrary, he raised the technical objection to the manner in which notice had been given to him, and thereby invoked the ruling of the court that the motion could not be heard, and imposed upon the appellant the necessity of commencing over. Had the subject been taken up promptly at that time in the spirit of remedying the excusable omission, no reason is apparent why relief might not have been granted, so that a new appeal could have been perfected for the January, 1902, term. It was the going down of that first motion which removed that possibility, and carried the time of hearing past that when an appeal could have been perfected for the January term. After that motion went down, the plaintiff's further applications were unquestionably characterized by diligence. As soon as informed of the action which the court had taken, he renewed the motion, which, being denied, he at once presented his motion to amend the bill of exceptions, upon which was made the order now appealed from. The record fails to disclose any failure of diligence on appellant's part to support the charge of *laches*.

Next it is contended that the denial of the motion to grant plaintiff leave to serve and settle a new bill of exceptions and to extend the statutory time thereof was *res adjudicata* of the questions presented on plaintiff's motion to amend by merely inserting the omitted exceptions to the findings. Without pausing to discuss how far, if at all, the denial of a motion upon matters of practice is ever *res adjudicata* as against a renewal of the same motion (see *Castle v. Madison,* 113 Wis. 346, 89 N. W. 156), it must be apparent upon inspection that the relief sought by the motion to amend was not necessarily considered or passed upon in the motion for leave to serve and settle a new bill of exceptions, accompanied by an application for the necessary extension of time. That motion was opposed by the respondent and apparently denied by the court

because of the length of time involved in the procedure. To settle a bill of exceptions involved the preparation and service of a voluminous document, and considerable period of time for the respondent to serve amendments, and then statutory periods of notice for the settlement of those amendments by the court. It was made apparent that all that was necessary for plaintiff's relief was the addition of a few pages of exceptions already on file in court, the authenticity of which was in no wise in dispute, and which could be accomplished without the machinery and delay involved in the service and settlement of a new bill. There is much in the order of the court to make apparent that this very distinction, namely, the protracted delay, was deemed a cogent reason for refusing that first motion, without deciding upon the propriety of summarily amending the bill in the respect desired upon application being made. Further, the action of the court upon the later motion is well-nigh conclusive that the judge did not consider that in his previous order he had exhausted his power to consider an application to amend, for the order appealed from does amend that bill in one of the respects sought by the motion, but so as to deny any curing of the fatal omission. The court amended, but it did not supply the omitted exceptions. The record therefore does not disclose any prior decision of the question presented by appellant's last motion, nor any reason why the court might not have considered and decided the merits thereof.

One further objection, urged both in the court below and here to the granting of plaintiff's motion, is that it will make necessary for defendant's protection the incorporation into the bill of exceptions of certain additional evidence and her own requests to find and exceptions reserved. If this appears to be so, of course that privilege could have been accorded her as one of the terms upon which plaintiff's requested amendment was to be allowed.

The duty of the trial court was plain to supply the omission of appellant's exceptions from the bill in the interest of justice, and to enable review on appeal of the merits. None of the objections urged thereto were tenable, and the conclusion is irresistible that sound judicial discretion was not exercised in making the order appealed from.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to grant appellant's motion to amend the bill of exceptions upon such terms as may be just, and for further proceedings according to law.