GRADY, Respondent, vs. HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY, Appellant.

*January 5—February 2, 1954.*

612

614

616

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Richard S. Gibbs* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb* and by *Mr. Franklin W. Stevenson* of Hartford, Connecticut.

For the respondent there was a brief by *Rogers, Vance & Hallfrisch,* attorneys, and *Wright Hallfrisch* of counsel, all of Fort Atkinson, and oral argument by *Wright Hallfrisch.*

BROADFOOT, J.  Upon this appeal the defendant contends that its conduct constituted nothing more than a refusal to continue business relations with the plaintiff except upon terms acceptable to the defendant and that it had an absolute right so to do under the terms of the policy; that there were no fraudulent misrepresentations of material facts upon which the plaintiff relied, or had any right to rely, but that any statements by the defendant's agents were mere expressions of opinion, and even though said opinions were at variance with the opinions of other people that does not give rise

to a cause of action; that any representations, if made, were representations of future actions, promises, or hopes, which are not actionable; that the affidavits filed in support of its motion for a directed verdict established a good cause for the opinion that the boiler was defective; that any material issues raised by the pleadings were legal rather than factual and therefore the motion of the defendant for summary judgment should have been granted; and finally, that the court's permission to plaintiff to amend his complaint was an abuse of discretion.

Many decisions of this court are cited in both briefs as to the purpose and application of the summary-judgment statute. It has been held many times by this court that if there is any substantial issue of fact presented by the pleadings, the motion for summary judgment should be denied. Citations on that point are unnecessary. We agree with the trial court that the pleadings did raise issues of material fact.

Admissions made pursuant to sec. 327.22, Stats., are binding upon the party making them to the extent that they are complete. For example, the plaintiff admitted, pursuant to demand: "That the fair and reasonable value of the Leffel boiler on the date the same was sold by plaintiff to Otto Biefeld Company was the sum of three hundred sixty-four and 02/100 dollars ($364.02)." That statement by itself is incomplete. It does not tell whether the boiler on that date was installed in the plant or whether it had been removed from the plant. Such an admission, therefore, may be completed by the showing of additional facts. There was no error in the denial of defendant's motion for summary judgment.

Sec. 269.44, Stats., gives the trial court great discretion in permitting amendments to pleadings. Under the liberal rules of pleading permitting amendments now in effect, certainly the trial court did not abuse its discretion in granting leave to serve and file an amended complaint. Thus, other

618

issues of fact may be raised. Until the case is finally at issue we feel that further comment on the pleadings and issues would be improper.

*By the Court.*—Order affirmed.