WIPFLI, Appellant, v. MARTIN and another, Respondents.

*February 2—February 28, 1967.*

For the appellant there were briefs by *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids, and oral argument by *John M. Potter.*

For the respondents there was a brief by *Crowns, Crowns, Merklein & Midthun* of Wisconsin Rapids, and oral argument by *Robert J. Merklein.*

BEILFUSS, J.   The record, briefs, and argument of counsel suggest several issues that could be discussed, such as: Is a motion to "delete a party" a motion to strike and is it appealable? Did the defendant Fidelity waive the insufficiency of the complaint by not raising the question by demurrer or answer? Did the court err in not granting the motion to amend the complaint before trial? Did the court err in denying the motion to review its order denying the motion for leave to amend?

The crucial issue is whether the plaintiff should be permitted to amend the complaint to state a direct cause of action against the liability insurance carrier. Under the facts in this case this issue can be resolved by determining whether the trial court abused its discretion in denying the motion of June 21st (the day before trial) for leave to amend the complaint.

Sec. 269.44, Stats., provides:

"**Amendments of processes, pleadings and proceedings.** The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

In *Girtz v. Oman* (1963), 21 Wis. (2d) 504, 509, 124 N. W. (2d) 586, we stated:

"This section gives the trial court wide discretion as to amendment of pleadings. *Grady v. Hartford Steam Boiler Inspection & Ins. Co.* (1954), 265 Wis. 610, 617, 62 N. W. (2d) 399; *Kuester v. Rowlands* (1947), 250 Wis. 277, 282, 26 N. W. (2d) 639."

*State ex rel. Schroedel v. Pagels* (1950), 257 Wis. 376, 382, 43 N. W. (2d) 349, quotes *Turner Mfg. Co. v. Gmeinder* (1924), 183 Wis. 664, 669, 198 N. W. 611, as follows:

" 'It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power.' "

The cases cited above all sustain the action of the trial court in instances wherein the pleadings were amended.

Conversely, in *Platt v. Schmidt* (1902), 115 Wis. 394, 398, 91 N. W. 992, where the trial court refused to allow the amendment, it is stated:

"When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail

to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy." [1]

From these cases and others we conclude the rule to be that sec. 269.44, Stats., should be liberally construed to permit the amendment of the pleadings so as to present the entire controversy providing the amendment does not unfairly deprive the opposing party of timely opportunity to meet the issue created by the amendment.

The trial court's stated reason for denying the motion to amend was that it was "not timely made."

The material omission from plaintiff's complaint was an allegation to the effect that Fidelity had issued a valid policy of automobile liability insurance to Martin and that it was in force on the day of the accident. Such an allegation is material and necessary to allow the plaintiff to bring a direct action against the insurance carrier. The legislature has determined that persons injured or damaged upon public highways by motor vehicles can join as defendants or bring direct action against the insurance carrier of the vehicle involved.[2] This is a material and valuable right which the plaintiff is entitled to assert.

Lack of timeliness of the motion in this case depends upon the prejudice or unfairness to the defendant in being required to go to trial the next day. If, in fact, the amendment would have confronted Fidelity with a new issue of which it was unaware or upon which it was unprepared, the trial court could have denied the motion

[1] As a part of his motion to amend the complaint, counsel for the plaintiff stated the allegation as to insurance coverage on the part of Fidelity was omitted through inadvertence in drafting the complaint or in a typing error.

[2] See secs. 204.30 and 260.11, Stats.

to amend, as it did here, or grant the motion and a continuance for such time as reasonably necessary to investigate and defend the issue.

The facts as they appear in the record before us do not reveal that Fidelity was surprised by a new issue or that it was in any manner prejudiced in going to trial the next day on the negligence and damage issues raised by the complaint and answer.

It seems that the only surprise encountered by counsel for both the plaintiff and the defendants was that the allegation was lacking from the complaint.

The same counsel appeared for both defendants, Martin and Fidelity. It is inconceivable that Fidelity would have proceeded with a defense of the action to the point of going to trial if it had not issued Martin a liability policy. Further, it is highly unlikely that Fidelity had a policy defense it wished asserted against Martin by reason of the fact that the same counsel represented both Martin and Fidelity—no such defense is suggested in the record.

It appears that Fidelity was not surprised and would not be prejudiced by the amendment and we hold that it was an abuse of discretion and prejudicial error not to grant the motion of June 21, 1966, for leave to amend the complaint so as to allege automobile liability insurance coverage on the part of Fidelity.

Because we have determined that it was error not to permit the complaint to be amended and because the action is still pending, it is not necessary to discuss or pass upon the other issues raised by the parties except to overrule orders inconsistent with the opinion.

*By the Court.*—Orders reversed, and cause remanded with directions to permit the plaintiff to amend her complaint, consistent with this opinion, within ten days of the filing of the remittitur with the clerk of court.