COMMERCE BLUFF ONE CONDOMINIUM ASSOCIATION, INC., Steven Costello, Robert Neville, Jinhua Gao, Qi Sun, Richard Durkin, Rod Holloway, Rose Holloway, Paul Robb and Manuel Torres, Kathy Torres, Fredy P. Canales Living Trust, Ellen Mandelman, Elaine Canales Wilson Living Trust, Benjamin Mandelman, Plaintiffs-Respondents,

v.

Timothy J. DIXON and Cornerstone Property Development, LLC, Defendants-Appellants,†

HNILICKA COMPANY, INC., Kubala Washatko Architects, Inc. and Ambrose Engineering, Inc., Defendants-Respondents,

Donald V. COHEN LLC, Acuity, Cincinnati Insurance Company, US Specialty Insurance Company, Security Insurance Company of Hartford, Defendants,

v.

HUSTAD ROOFING, INC. and Society Insurance, Third-Party Defendants.

Court of Appeals

*No. 2009AP1953. Submitted on briefs February 8, 2011.
—Decided March 1, 2011.*

† Petition for Review.

2011 WI App 46

(Also reported in 798 N.W.2d 264.)

359

On behalf of the defendants-appellants, Cornerstone Property Development LLC and Timothy J. Dixon, the cause was submitted on the briefs of *Nathaniel Cade, Jr.* and *Marisa R. Dondlinger* of *Michael Best & Friedrich LLP*, Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Brad L.F. Hoeschen* of *Chernov, Stern & Krings, S.C.*, Waukesha and *Daniel K. Miller* of *Grady, Hayes & Neary, LLC*, Waukesha.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. This is a condominium-construction case. The Commerce Bluff One condominium was built by Cornerstone Property Development, LLC. Timothy J. Dixon is, as his brief on this appeal tells us, "Cornerstone's owner and managing member," and although "Cornerstone is still a registered limited liability company in Wisconsin, [it] is no longer active." The individual plaintiffs purchased condominium units in the Commerce Bluff condominium, either from Cornerstone or from others who had purchased units.[1] Commerce Bluff One Condominium Association, Inc., is, as

---

[1] One of the units is owned by a trust.

361

its name implies, the association of unit owners in the Commerce Bluff condominium. The Commerce Bluff plaintiffs sued Dixon, Cornerstone, Kubala Washatko Architects, Inc., Hnilicka Company, Inc., and Ambrose Engineering, Inc., among others, seeking damages as a result of the alleged flawed construction of the Commerce Bluff condominium. Kubala Washatko was the condominium's architect, Hnilicka was the building's construction manager, and Ambrose Engineering was the building's structural engineer.

¶ 2. Dixon and Cornerstone appeal, as phrased by their notice of appeal, "from the final Order in favor of Defendants Kubala Washatko, Ambrose Engineering and Hnilicka granted in a written Order on April 28, 2009 and May 11, 2009 in the Circuit Court for Milwaukee County . . . wherein the Court denied [Dixon's and] Cornerstone's motion . . . to amend the pleadings and granted Defendants Kubala['s], Hnilicka['s] and Ambrose Engineering's Motions for Summary Judgment, and/or Dismissed them from the proceedings." (Bolding and underlining omitted.) Dixon and Cornerstone wanted to amend their pleadings in order to assert against Kubala Washatko, Hnilicka, and Ambrose Engineering "cross-claims for negligence, contribution and indemnification and injury to property in the design, planning, supervision or observation of construction" in connection with the Commerce Bluff condominium. The circuit court denied leave to amend. For the reasons explained below, we affirm.[2] As also explained

_____

[2] Although the notice of appeal seems to assert that the circuit court erred in granting summary judgment to Kubala Washatko, Hnilicka, and Ambrose Engineering, Dixon's and Cornerstone's main brief in connection with Kubala Washatko, Hnilicka, and Ambrose Engineering contends only that the circuit court should have permitted the cross-claims (other

below, we do not have jurisdiction over the circuit court's non-final orders involving parties not named in the notice of appeal even though Dixon and Cornerstone want us to reverse those non-final orders, contending that the circuit court erred.

## I.

¶ 3. The circuit court ruled on a number of claims asserted against Dixon and Cornerstone by the Commerce Bluff plaintiffs, but no final orders were entered on any of those rulings; thus, Dixon and Cornerstone could not appeal them as of right. *See* Wis. Stat. Rule 808.03(1) (appeals as of right limited to final judgments or orders). Further, Dixon and Cornerstone did not seek leave to appeal those non-final orders or rulings, *see* Wis. Stat. § 808.03(2) (appeal by permission of non-final orders and rulings), and the time for doing so has long expired, *see* Wis. Stat. Rule 809.50(1) ("A person shall

than, as seen in footnote 6 of this opinion, a largely undeveloped request that we "clarify" the circuit court's grant of summary judgment to Kubala Washatko, Hnilicka, and Ambrose Engineering). Although Dixon and Cornerstone argue for the first time in their reply brief that the circuit court: "erred in granting motions for summary judgment barring potential contribution claims because the cause of action for those claims had not yet accrued, leaving the [circuit] court without jurisdiction as to those claims[,]" and develops that argument somewhat, we do not consider arguments that are raised for the first time in an appellant's reply brief. *Techworks, LLC v. Wille*, 2009 WI App 101, ¶ 28, 318 Wis. 2d 488, 516, 770 N.W.2d 727, 740; *see also State v. Johnson*, 184 Wis. 2d 324, 344, 516 N.W.2d 463, 470 (Ct. App. 1994) ("On appeal, issues raised but not briefed or argued are deemed abandoned."); *Vesely v. Security First National Bank Of Sheboygan Trust Dep't*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985) (We will not address arguments that are not sufficiently developed.).

seek leave of the court to appeal a judgment or order not appealable as of right under s. 808.03(1) by filing within 14 days after the entry of the judgment or order a petition and supporting memorandum, if any."); Wis. Stat. § 808.04(1) ("Time limits for seeking review of a nonfinal judgment or order are established in s. 809.50."). The main issue on this appeal is whether we may review non-final orders or rulings in conjunction with an appeal of a final judgment or order even though: (1) the time to seek leave to take an interlocutory appeal from those non-final orders or rulings has expired, and (2) the non-final orders or rulings were not favorable to the parties in whose favor the appealed final judgment or order was entered. As explained below, the answer is "no."

## II.

¶ 4. We address in Part B, Dixon's and Cornerstone's contention that the circuit court erroneously exercised its discretion in denying them leave to amend. First, however, we explain why we do not have jurisdiction over the non-final orders and rulings that affect only the Commerce Bluff plaintiffs and not Kubala Washatko, Hnilicka, or Ambrose Engineering.

A. *Jurisdiction over the non-final orders and rulings that affect only the Commerce Bluff plaintiffs, and not Kubala Washatko, Hnilicka, or Ambrose Engineering.*

■

¶ 5. Dixon and Cornerstone assert that the circuit court erred by not: (1) granting their motion for summary judgment dismissing the claims asserted by the Commerce Bluff plaintiffs under Wis. Stat.

§ 706.10(7); (2) granting their motion for summary judgment dismissing the claims asserted by the Commerce Bluff plaintiffs under WIS. STAT. §§ 895.446 & 943.20(1)(d); (3) granting their motion seeking indemnification from the Condominium Association; and (4) allowing those defendants that settled with the plaintiffs to be on the special verdict.[3] The circuit court's resolution of these matters cannot now be

---

[3] Including subparts, Dixon's and Cornerstone's contentions against the Commerce Bluff plaintiffs raise six issues. Their main brief on this appeal, however, puts them into the four main categories that we have identified. In March of 2010, the Commerce Bluff plaintiffs sought dismissal of the issues that were the subject of the circuit court's non-final resolution. We denied the motion because, as our order noted, we do "not dismiss individual issues by motion." We deferred, until briefing was complete, consideration of the Commerce Bluff plaintiffs' contention that we lacked jurisdiction over those issues.

WISCONSIN STAT. § 706.10(7) provides:

In the absence of an express or necessarily implied provision to the contrary, a conveyance evidencing a transaction under which the grantor undertakes to improve the premises so as to equip them for grantee's specified use and occupancy, or to procure such improvement under grantor's direction or control, shall imply a covenant that such improvement shall be performed in a workmanlike manner, and shall be reasonably adequate to equip the premises for such use and occupancy.

WISCONSIN STAT. § 895.446 provides, as material:

(1) Any person who suffers damage or loss by reason of intentional conduct that occurs on or after November 1, 1995, and that is prohibited under s. . . . 943.20 . . . has a cause of action against the person who caused the damage or loss.

(2) The burden of proof in a civil action under sub. (1) is with the person who suffers damage or loss to prove a violation of s. . . . 943.20 . . . by a preponderance of the credible evidence. A conviction under s. . . . 943.20 . . . is not required to bring an action, obtain a judgment, or collect on that judgment under this section.

appealed as of right because the resolution did not "dispose[] of the entire matter in litigation" between the Commerce Bluff plaintiffs and Dixon and Cornerstone. *See* WIS. STAT. § 808.03(1). The case has not yet been tried.

¶ 6. In deciding whether we have jurisdiction over the non-final orders and rulings affecting only the Commerce Bluff plaintiffs and not the parties named as respondents in the notice of appeal—Kubala Washatko, Hnilicka, and Ambrose Engineering—we must apply provisions of the Wisconsin statutes. We apply clear statutes as they are written. *State v. Swiams*, 2004 WI

---

**(3)** If the plaintiff prevails in a civil action under sub. (1), he or she may recover all of the following:

(a) Actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater, for a violation of s. . . . 943.20.

(b) All costs of investigation and litigation that were reasonably incurred, including the value of the time spent by any employee or agent of the victim.

(c) Exemplary damages of not more than 3 times the amount awarded under par. (a). No additional proof is required under this section for an award of exemplary damages under this paragraph.

WISCONSIN STAT. § 943.20(1)(d) provides:

**(1)** ACTS. Whoever does any of the following may be penalized as provided in sub. (3):

. . . .

(d) Obtains title to property of another person by intentionally deceiving the person with a false representation which is known to be false, made with intent to defraud, and which does defraud the person to whom it is made. "False representation" includes a promise made with intent not to perform it if it is a part of a false and fraudulent scheme.

App 217, ¶ 5, 277 Wis. 2d 400, 404–405, 690 N.W.2d 452, 454; *Antisdel v. City of Oak Creek Police and Fire Comm'n*, 229 Wis. 2d 433, 437, 600 N.W.2d 1, 2 (Ct. App. 1999), *aff'd* 2000 WI 35, 234 Wis. 2d 154, 609 N.W.2d 464.

¶ 7. As we have seen, Dixon and Cornerstone did not seek leave to appeal the non-final orders that they want us to review on this appeal. Further, they may not appeal those orders as of right because those orders are not final as required by Wis. Stat. § 808.03(1). Rather, they seek to circumvent the final-order rule by piggy-backing the non-final orders on an appeal of orders and rulings that *are final but do not involve the Commerce Bluff plaintiffs*. They may not.

¶ 8. Dixon and Cornerstone rely on Wis. Stat. Rule 809.10(4), which provides: "An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings *adverse to the appellant and favorable to the respondent* made in the action or proceeding not previously appealed and ruled upon." (Emphasis added.) The "appellant" is "a person who files a notice of appeal." Wis. Stat. Rule 809.01(2). A person may not seek appellate relief unless he or she is named in the appeal as an appellant, even though that person's rights were affected by the matter that is the subject of the appeal. *See Ziebell v. Ziebell*, 2003 WI App 127, ¶ 6, 265 Wis. 2d 664, 667–668, 666 N.W.2d 107, 109 (court of appeals did not have jurisdiction to decide the appropriateness of the sanction circuit court imposed on appellant's lawyer when the lawyer did not add his name to the notice of appeal); *cf. Transamerica Ins. Co. v. South*, 975 F.2d 321, 326 (7th Cir. 1992) (federal appellate court lacks jurisdiction

over parties that did not file a new notice of appeal following the grant or denial of a motion to modify judgment under RULE 59(e) of the Federal Rules of Civil Procedure, as is required by RULE 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure). By the same token, under RULE 809.10(4), an appellant may only get review of non-final orders and rulings if those non-final orders and rulings are "favorable to the respondent." The "respondent" is "a person adverse to the appellant or co-appellant." RULE 809.01(6).

¶ 9. The Commerce Bluff plaintiffs are not "respondents" under WIS. STAT. RULE 809.10(4) because they were not named in the notice of appeal, *and thus are not "respondents" adverse to the appellants Dixon and Cornerstone in this appeal.* Indeed, as we noted earlier, Dixon and Cornerstone could *not* name the Commerce Bluff plaintiffs as respondents in the notice of appeal because Dixon and Cornerstone are not aggrieved by any *final* order entered against them and in favor of the Commerce Bluff plaintiffs. Thus, Dixon and Cornerstone may not evade the non-final-order barrier by the expedient of appealing final orders against those named in the notice of appeal in order to get review of non-final orders and rulings favorable to parties who are still active in the litigation. As the 1978 Judicial Council Committee Note to RULE 809.10 recognizes, RULE 809.10(4) is: "limited to those orders made in favor of the *named respondents to prevent the possibility of the court reviewing an order in favor of a person not a party to the appeal.*" (Emphasis added.) Judicial Council Committee's Note, 1978, WIS. STAT. Rule 809.10.

¶ 10. Although the clear language of the applicable statutory provisions prevents Dixon and Cornerstone from having us review non-final orders affecting only the Commerce Bluff plaintiffs, Dixon and Corner-

stone argue that we should nevertheless consider their substantive contentions. We disagree, and analyze their arguments in turn.

1.

¶ 11. Dixon and Cornerstone argue that even though they did not name the Commerce Bluff plaintiffs as respondents in the notice of appeal (and, indeed, could not because there were *no final orders involving the Commerce Bluff plaintiffs that Dixon and Cornerstone could appeal*), the Commerce Bluff plaintiffs interjected themselves in the appeal as "respondents" because while this appeal was pending and in documents identifying themselves as "respondents," they: (1) objected to Dixon's and Cornerstone's motion to stay the trial pending their appeal of the circuit court's final orders involving Kubala Washatko, Hnilicka, and Ambrose Engineering, and discussed the merits of one of the issues implicating Wis. Stat. § 706.10(7), (2) sought an order from this court "remanding all trial issues, which are separate and apart from the appealed issue of defendant[s'] cross-claims," and (3) also sought from this court an extension of the time to inspect the Record. *See* Wis. Stat. Rule 809.15(2).[4] Dixon and Cornerstone also point to this court's order of February 10, 2010, granting the Commerce Bluff plaintiffs' request to amend the cap-

---

[4] Wisconsin Stat. Rule 809.15(2) provides:

Compilation and approval of the record. The clerk of circuit court shall assemble the record in the order set forth in sub. (1) (a), identify by number each paper, and prepare a list of the numbered papers. At least 10 days before the due date for filing the record in the court, the clerk shall notify in writing each party appearing in the circuit court that the record has been assembled and is available for inspection. The clerk shall include with the notice the list of the papers constituting the record.

369

tion of the appeal to designate them as "Plaintiffs-Respondents." The Commerce Bluff plaintiffs' request to amend the caption was made in a letter to the Clerk of the Court of Appeals dated December 23, 2009, which recited:

> [S]ubsequent to the Notice of Appeal, [Dixon and Cornerstone] have stated that they expect to raise additional issues and orders not listed in the Notice of Appeal. . . . In a December 15, 2009 Order the Court of Appeals stated that the Commerce Bluff One Condominium Association would be well-advised to amend the caption in this appeal. As it appears that [Dixon and Cornerstone] are attempting to raise issues on appeal directly implicating the [the Commerce Bluff] Plaintiffs' claims, please consider this letter a request to amend the caption to change the designation of all fifteen Plaintiffs from "Plaintiffs" to "Plaintiffs-Respondents."

The December 23 letter, however, specifically asserted: "By seeking to amend the caption, [the Commerce Bluff] Plaintiffs do not intend to waive arguments that the new issues [Dixon and Cornerstone] seeks to raise are beyond those identified in the Notice of Appeal and that [Dixon and Cornerstone] failed to name [the Commerce Bluff] Plaintiffs as respondents to this appeal."

**[5]**

¶ 12. Dixon and Cornerstone argue that by interjecting themselves into this appeal, the Commerce Bluff plaintiffs waived the right to complain that we do not have jurisdiction over non-final orders that do not pertain to Kubala Washatko, Hnilicka, and Ambrose Engineering. We disagree.

■■

¶ 13. First, " 'waiver is the intentional relinquishment or abandonment of a known right.' " *State v.*

*Ndina*, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 670, 761 N.W.2d 612, 620 (quoted source omitted). The Commerce Bluff plaintiffs did not "waive" their right to object to our jurisdiction over non-final orders and rulings not affecting Kubala Washatko, Hnilicka, or Ambrose Engineering. Indeed, the Commerce Bluff plaintiffs' brief in response to Dixon's and Cornerstone's motion to stay the trial pending their appeal of the circuit court's final orders involving Kubala Washatko, Hnilicka, and Ambrose Engineering specifically asserted that we had no jurisdiction over non-final orders, and noted that it was only discussing the merits of the WIS. STAT. § 706.10(7) matter "[i]n the unlikely event" that we would "allow[] an appeal that has never been properly brought."

¶ 14. Second, the Commerce Bluff plaintiffs did not "forfeit" their right to object. *See Ndina*, 2009 WI 21, ¶ 29, 315 Wis. 2d at 670, 761 N.W.2d at 620. (" '[F]orfeiture is the failure to make the timely assertion of a right.' ") (quoted source omitted). Dixon's and Cornerstone's contention that the Commerce Bluff plaintiffs waited too long before filing their motion to dismiss the issues encompassed by non-final orders and rulings not affecting Kubala Washatko, Hnilicka, or Ambrose Engineering is belied by the Record.

¶ 15. Third *and dispositive,* even if the Commerce Bluff plaintiffs *wanted* us to decide the issues underlying the non-final orders not affecting Kubala Washatko, Hnilicka, or Ambrose Engineering, we could not, because "[w]e have an independent duty to determine our jurisdiction," *City of Sheboygan v. Flores,* 229 Wis. 2d 242, 246, 598 N.W.2d 307, 309 (Ct. App. 1999), and, as already discussed at length, we do not have jurisdiction over those non-final orders. *See also Fletcher v. Eagle River Mem'l Hosp., Inc.,* 156 Wis. 2d 165, 168, 456

371

N.W.2d 788, 790 (1990) (A party's "concession" "in respect to a matter of law," however, "is binding upon neither the parties nor upon any court."). Thus, Dixon's and Cornerstone's contention that we should permit them to amend the notice of appeal is without merit; we simply do not have jurisdiction over the non-final orders and rulings they seek to have us decide in this appeal. Of course, once the trial has been completed and a final judgment or order is entered, Dixon and Cornerstone may have those matters reviewed by virtue of Wis. Stat. Rule 809.10(4).

2.

¶ 16. Dixon and Cornerstone also claim that the Commerce Bluff plaintiffs are proper parties to this appeal because of the releases authorized by *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963) ("[A] *Pierringer* release operates to impute to the settling plaintiff whatever liability in contribution the settling defendant may have to non-settling defendants and to bar subsequent contribution actions the non-settling defendants might assert against the settling defendants." *VanCleve v. City of Marinette*, 2003 WI 2, ¶ 39, 258 Wis. 2d 80, 100, 655 N.W.2d 113, 123), they signed with Ambrose Engineering. Dixon and Cornerstone argue that the Commerce Bluff plaintiffs thus "became part of this appeal" because "they stepped into Ambrose's shoes for purposes of this appeal, and consequently gave this Court jurisdiction to hear 'all prior nonfinal judgments, orders, [*sic*] and rulings' related to" the Commerce Bluff plaintiffs. (Quoting Wis. Stat. Rule 809.10(4).). That is just plain wrong.

¶ 17. First, all the release did was, as is customary with *Pierringer* releases, obligate the Commerce Bluff

plaintiffs "to indemnify [Ambrose Engineering] and to hold [it] harmless for any claims for contribution and/or indemnification made by others and [the Commerce Bluff plaintiffs] hereby agree to satisfy any judgment which may be rendered in favor of [the Commerce Bluff plaintiffs], satisfying such fraction, portion, or percentage of the judgment as the causal negligence of [Ambrose Engineering] as adjudged to be of all causal negligence of all the adjudged tortfeasors." Second, as we have already recounted, no agreement of any parties may give this court jurisdiction when we don't have it. *See Flores*, 229 Wis. 2d at 246, 598 N.W.2d at 309.

3.

¶ 18. Finally, Dixon and Cornerstone contend that the discussion of WIS. STAT. RULE 809.10(4) and its predecessor provision, WIS. STAT. RULE 817.34 (1975) in *State v. Alles*, 106 Wis. 2d 368, 316 N.W.2d 378 (1982), shows that we do have jurisdiction over the non-final orders irrespective of the limitation in RULE 809.10(4) that we have already discussed.[5] We disagree. *Alles* recognized that that limitation narrowed the sweep of an appeal of a final order to those non-final orders or rulings that affected parties to the appeal. *Alles*, 106 Wis. 2d at 392, 316 N.W.2d at 389. Since the State was a party to the appeal, *Alles* held that the RULE 809.10(4) limitation was "not applicable." *Alles*, 106 Wis. 2d at 392 n.7, 316 N.W.2d at 389 n.7. *Alles* further held that the State could complain about an alleged trial-court error

[5] WISCONSIN STAT. RULE 817.34 (1975) provided: "Upon an appeal from a judgment, and upon a writ of error, the supreme court may review any intermediate order which involves the merits and necessarily affects the judgment, appearing upon the record."

373

the correction of which would "support[] the judgment appealed from." *Id.*, 106 Wis. 2d at 392, 392–395, 316 N.W.2d at 389, 389–390. Here, of course, the result that Dixon and Cornerstone seek *via* our review of the non-final matters would overturn—not support—what the circuit court did. *Alles* is not in point.

¶ 19. Accordingly, we do not decide issues relating to non-final orders and rulings that do not relate to the respondents Kubala Washatko, Hnilicka, or Ambrose Engineering.

B. *The circuit court's denial of Dixon's and Cornerstone's motion to amend their answer in order to assert cross-claims against Kubala Washatko, Hnilicka, and Ambrose Engineering.*

¶ 20. On December 8, 2009, Dixon and Cornerstone sought to file cross-claims against Kubala Washatko, Hnilicka, and Ambrose Engineering. The motion explained that Kubala Washatko's lawyer said at a "November 24 hearing," as related by Dixon's and Cornerstone's motion, that Kubala Washatko's "motion for summary judgment was to bar not only the claims that Plaintiffs previously asserted against [Kubala Washatko], but also all other claims." Further, Kubala Washatko's lawyer "indicated" to the lawyer for Dixon and Cornerstone "that his intent was to bar all future claims against [Kubala Washatko], including a potential claim for indemnification and contribution." The motion also asserted: "In theory, the other defendants could also join in this motion and seek a complete bar from any claim against them. Hence in order to protect itself, Cornerstone seeks permission to file cross-claims against Defendants [Kubala Washatko], Ambrose and Hinilicka [*sic*]." The motion contended that Dixon and Cornerstone "did not know until May 15" that Kubala

Washatko knew "of an incorrectly sized beam being used in the" building. Dixon's and Cornerstone's motion explained:

> Cornerstone knew that the allegation existed that an incorrect beam was used, but during discovery, had determined that Third-Party Defendant Padley Lane had installed it. Cornerstone did not learn until May 15 that [Kubala Washatko] knew about it, and [had] failed to inform Cornerstone. If [Kubala Washatko] is successful in barring these claims, Cornerstone cannot seek to avert its potential damage. The same arguments hold true for Ambrose and Hnilicka in that Cornerstone learned on or about May 15 that Ambrose and Hnilicka had knowledge of the defect but failed to speak.

Significantly, Dixon and Cornerstone tell us in their main brief on this appeal: "The substance of Cornerstone's claims against [Kubala Washatko], Ambrose and Hnilicka – negligence, contribution and indemnification and injury to property – was not new, as defendant Acuity already had asserted these claims." Acuity was Cornerstone's insurer, and cross-claimed against Kubala Washatko, Hnilicka, and Ambrose Engineering on February 27, 2009.

¶ 21. We now turn to whether the circuit court appropriately exercised its discretion in denying Dixon's and Cornerstone's motion. *See Finley v. Culligan,* 201 Wis. 2d 611, 626–627, 548 N.W.2d 854, 860–861 (Ct. App. 1996) (decision whether to grant or deny leave to amend pleadings is discretionary).

> This court will not reverse a discretionary decision unless the trial court misuses that discretion. A misuse of trial court discretion has occurred if the record demonstrates that the trial court failed to exercise its

375

discretion, the facts do not support the trial court's decision or the trial court applied the wrong legal standard.

*Ibid.* (Citations omitted.) Further:

> "When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission, and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy."

*Wipfli v. Martin*, 34 Wis. 2d 169, 173–174, 148 N.W.2d 674, 676 (1967) (quoted source and footnote omitted). When, as here, the proposed amendment is not permissible "as a matter of course," the key focus is whether "justice" requires that leave to amend be granted:

> A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action *when justice so requires.*

WIS. STAT. RULE 802.09(1) (emphasis added). We thus turn to the circuit courts rationale to determine whether it appropriately exercised its discretion.

██

¶ 22. In denying Dixon's and Cornerstone's motion to cross-claim against Kubala Washatko, Hnilicka, and Ambrose Engineering, the circuit court opined:

376

We all know the history of this case. It's been around for quite awhile, it was filed in August of '06. Dixon and Cornerstone had been on the case since October of '06. All the deadlines have passed for absolutely everything: Amendments, motions, discovery. Numerous claims have been filed in a timely manner by many of the defendants and parties, and we're two and a half years into the case. And as somebody went through the labor of discovery, with numerous court events into the case, 30 plus d[e]positions — dispositive motions have been heard by three different judges, and the basis would have to be, you know, a significant one for the Court to consider in the interest of justice at this late day that this would be allowed. And the basis that has been set forth is that on May 15th of '08 [*sic*—'09], there was a deposition, and there was information that was new at the time that was brought out at the deposition. I would note that was 7 1/2 months ago, and this was a long time that this was significant new information before any action was requested of the Court. Then there's November 24th, 2008 [*sic*—2009]. There were institutions [*sic*] with Kubala's counsel, and the motions to dismiss by summary judgment had already been filed for quite awhile. They had clearly stated they were asking for dismissal of all claims. I think Kubala was probably more clear in that assertion, but both asked[,] Ambrose and Kubala, so I can't find that there is surprise that there is mistake, excusable negligence, or in the interest of justice, that the case take a big deviation at this stage of time. The case is old, and it grows more complicated everyday. . . . Clearly it would complicate the case, it would delay the case, and I don't think it's justified at this time.

In light of the governing legal principles, we cannot say that the circuit court's lucid explanation in applying the facts and contentions to those legal principles was an erroneous exercise of discretion. As the circuit court pointed out, at the very least, Dixon and Cornerstone

sat on their hands (although reading between the lines we perceive that some undisclosed strategy by Dixon and Cornerstone might have been in play). Thus, Dixon and Cornerstone have not shown the type of "excusable neglect" referenced by *Wipfli*—something akin to "inadvertence in drafting the complaint or in a typing error." *See Wipfli*, 34 Wis. 2d at 174 n.1, 148 N.W.2d at 676 n.1. Accordingly, we affirm the circuit court's denial of Dixon's and Cornerstone's motion to amend their pleading to assert cross-claims against Kubala Washatko, Hnilicka, and Ambrose Engineering.[6]

*By the Court.*—Orders affirmed.

---

[6] We reject Dixon's and Cornerstone's request that we: "clarify the trial court's summary judgment order to ensure that Cornerstone's contribution claims, whether pursued now or in the future, remain viable." "[W]e do not give advisory opinions." *Brown v. LaChance*, 165 Wis. 2d 52, 58, 477 N.W.2d 296, 299 (Ct. App. 1991).