James ANTISDEL, Plaintiff-Appellant,

v.

CITY OF OAK CREEK POLICE AND FIRE COMMISSION, City of Oak Creek Police Department and Acting Chief Thomas P. Bauer, Defendants-Respondents-Petitioners.

Supreme Court

*No. 97–3818. Oral argument February 8, 2000.—Decided May 2, 2000.*

**2000 WI 35**

(Also reported in 609 N.W.2d 464.)

For the defendants-respondents-petitioners there were briefs by *Kathy L. Nusslock, Nancy L. Pirkey* and *Davis & Kuelthau, S.C.*, Milwaukee, and *Lawrence J. Haskin*, Oak Creek, and oral argument by *Lawrence J. Haskin*.

For the plaintiff-appellant there was a brief by *John F. Fuchs* and *Fuchs Snow DeStafanis, S.C.*, Milwaukee, and oral argument by *John F. Fuchs*.

Amicus Curiae brief by *James R. Korom, Matthew A. Koch* and *von Briesen, Purtell & Roper, S.C.*, Milwaukee, on behalf of The Wisconsin Chiefs of Police Association.

Amicus Curiae brief by *Scott Herrick* and *Herrick, Kasdorf, Dymzarov & Twietmeyer*, Madison, on behalf of the Board of Police and Fire Commissioners of the City of Madison.

Amicus Curiae brief by *Curtis Witynski*, Madison, on behalf of The League of Wisconsin Municipalities.

Amicus Curiae brief of *Jonathan Cermele, Laurie Eggert* and *Egert Law Office, S.C.*, Milwaukee, on behalf of the Milwaukee Police Association.

Amicus Curiae brief by *Gordon E. McQuillen, Shana R. Lewis* and *Cullen, Weston, Pines & Bach*, Madison, on behalf of Wisconsin Professional Police Association/Law Enforcement Employment Relations Division.

¶ 1.  SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.  The City of Oak Creek Police and Fire Commission, the City of Oak Creek Police Department and Acting Police Chief Thomas P. Bauer, the defendants, seek review of a published decision of the court of appeals.[1] The court of appeals reversed the judgment of the Circuit Court for Milwaukee County, Michael D. Guolee, Circuit Court Judge.[2] The circuit court granted summary judgment to the defendants, dismissing the action of James Antisdel, the plaintiff. The court of

---

[1] *Antisdel v. City of Oak Creek Police & Fire Comm'n*, 229 Wis. 2d 433, 600 N.W.2d 1 (Ct. App. 1999).

[2] In addition to the parties' briefs, several nonparty briefs were submitted to the court. The Wisconsin Professional Police Association and the Milwaukee Police Association have submitted briefs in support of affirming the decision of the court of appeals. The League of Wisconsin Municipalities, the Board of Police and Fire Commissioners of the City of Madison, and the Wisconsin Chiefs of Police Association have submitted briefs seeking to reverse the decision of the court of appeals.

appeals held that the plaintiff was entitled to a "just cause" procedure pursuant to Wis. Stat. § 62.13(5)(em) (1997–98)[3] to contest his reduction in rank from sergeant to police officer. We affirm the decision of the court of appeals.

¶ 2. The only issue in this case is whether the defendants erred as a matter of law in denying the plaintiff a just cause procedure under Wis. Stat. § 62.13(5)(em). We conclude that the plaintiff was entitled to the just cause procedure set forth in § 62.13(5)(em) because he was a subordinate reduced in rank based on a disciplinary charge filed by the police chief. The procedure set forth in § 62.13(5)(em) makes no exception for a subordinate who is promoted on a probationary basis. The defendants thus proceeded on an incorrect theory of law.

I

¶ 3. The facts relevant to this appeal are not in dispute. James Antisdel, the plaintiff, joined the City of Oak Creek Police Department as a police officer in 1985. On March 1, 1996, Michael Younglove, then Oak Creek Chief of Police, sent the plaintiff a memorandum stating: "I am pleased to advise that you are being promoted to the position of sergeant effective March 10, 1996." The memorandum also stated: "Upon completion of a one year probationary period, you will receive a permanent appointment as sergeant." The memorandum concluded by stating "[c]ongratulations on your promotion and best of luck."

¶ 4. The plaintiff began the City of Oak Creek's "Police Sergeant Training and Evaluation Program."

---

[3] All subsequent references to the Wisconsin Statutes are to the 1997–98 text unless otherwise noted.

The purpose of this program was to offer new sergeants individualized training that would develop their sergeant skills until coaching from supervisors became unnecessary.[4] Pursuant to this training program, the plaintiff was evaluated on a regular basis by a Sergeant Training Officer. On December 9, 1996, Thomas P. Bauer, who had succeeded Younglove as Oak Creek's Chief of Police, sent the plaintiff a memorandum regarding "Notification of Your Failure to Pass Probation."

¶ 5. The memorandum detailed that the plaintiff had been the subject of a departmental investigation and that he had admitted to a police captain that from January 1993 until June 1995 the plaintiff had allowed one of his colleagues to use his Oak Creek address so the colleague's child could enroll in the Oak Creek High School without paying the nonresident tuition. The memorandum stated: "Your conduct in this matter is inappropriate and unprofessional and has resulted in the dissolution of public respect and confidence in the Oak Creek Police Department." The memorandum further noted that the plaintiff's conduct violated police department policy, "including, but not limited to, 3.58

---

[4] The memorandum explaining the sergeant training program states that:

> The primary goal of the Police Sergeant Training and Evaluation Program is to specifically prepare a probationary sergeant to perform the duties and responsibilities of a police sergeant with confidence and ability. It is highly improbable that any individual would automatically possess the ability to step from police officer to the duties of police sergeant and perform them in a totally acceptable manner. The intent of the Police Sergeant Training and Evaluation Program is to guide a probationary sergeant through the subsequent steps of development until he/she is ready to function without constant coaching from the sergeants [sic] training and evaluation personnel.

Unprofessional Conduct." The memorandum concluded by stating: "I have reviewed you [sic] status and determined that you have not passed your probation as a sergeant in the Oak Creek Police Department and, as such, am putting you back to you [sic] position as Police Officer, effective Tuesday, December 10, 1996." Other than the matter regarding the colleague's use of the plaintiff's address, the memorandum did not detail any reason for the plaintiff's failure to pass probation.

¶ 6.    On April 1, 1997, the plaintiff requested that the City of Oak Creek Police and Fire Commission (the Board)[5] comply with Wis. Stat. § 62.13(5)(em) regarding his reduction in rank. The Board met on May 1, heard argument and denied the plaintiff's request. The Board apparently concluded that the plaintiff's promotion was subject to a one-year probationary period and that probationary employees are not entitled to a just cause procedure under Wis. Stat. § 62.13(5)(em).

¶ 7.    The plaintiff then filed a Notice of Review in the Circuit Court for Milwaukee County, seeking to compel the Board to grant him a hearing.[6] The circuit court granted the defendants' motion to dismiss the

---

[5] The statutes refer to a police and fire commission as a board of police and fire commissioners. Wis. Stat. § 62.13(1). Accordingly we refer to the City of Oak Creek Police and Fire Commission as the Board.

[6] The plaintiff sought judicial review by filing a "Notice of Review" in the circuit court "pursuant to Sec. 62.13(5)(i), Wis. Stats." This statute permits "[a]ny person. . .reduced" by a board of police and fire commissioners to "appeal from the order of the board to the circuit court." The plaintiff was not reduced in rank by the Board; he was reduced in rank by the Oak Creek police chief.

The plaintiff subsequently filed another action in the circuit court on May 23, 1997, seeking specifically a writ of mandamus directing the Board to provide written notice of

plaintiff's action, relying on the police chief's use of a probationary program for new sergeants and on Wis. Stat. § 62.13(4), which grants police chiefs great latitude in running their departments.

¶ 8.   The court of appeals reversed the judgment of the circuit court. Each judge of the court of appeals wrote an opinion, resulting in a lead majority opinion, a concurrence and a dissent.

¶ 9.   Judge Fine, writing the majority lead opinion, held that Wis. Stat. § 62.13(5)(em) is plain and should be followed in all cases in which a police officer is reduced in rank based on charges filed by a police chief.[7] Tracking the language of the statute, Judge Fine explained:

charges and to grant him a just cause procedure pursuant to Wis. Stat. § 62.13(5)(em).

The parties, the circuit court, the court of appeals and this court treat the plaintiff's Notice of Review as seeking certiorari and mandamus relief. These avenues of judicial review are available to a police officer aggrieved by a disciplinary action. *See State ex rel. Enk v. Mentkowski*, 76 Wis. 2d 565, 571, 252 N.W.2d 28 (1977).

[7] Wisconsin Stat. § 62.13(5)(em), provides:

No subordinate may be suspended, reduced in rank, suspended and reduced in rank, or removed by the board under par. (e), based on charges filed by the board, members of the board, an aggrieved person or the chief under par. (b), unless the board determines whether there is just cause, as described in this paragraph, to sustain the charges. In making its determination, the board shall apply the following standards, to the extent applicable:

1.   Whether the subordinate could reasonably be expected to have had knowledge of the probable consequences of the alleged conduct.

2.   Whether the rule or order that the subordinate allegedly violated is reasonable.

3.   Whether the chief, before filing the charge against the subordinate, made a reasonable effort to discover whether the subordinate did in fact violate a rule or order.

1. The plaintiff is a "subordinate."

2. The defendants seek to reduce the plaintiff "in rank" based on "charges" made (albeit, apparently, not formally "filed") "by. . .the chief."

3. The defendants may not reduce the plaintiff's rank unless the Board "determines. . .there is just cause" for the proposed reduction in rank.

¶ 10. Judge Schudson concurred. The concurrence recognized that it may be good policy to allow a police chief to promote a police officer to sergeant on a probationary basis and to reduce the rank during the probationary period from sergeant to police officer without complying with § 62.13(5)(em). However, the concurrence recognized that the statutes do not state such a policy and that until § 62.13(5)(em) is amended by the legislature, the statute must be followed.

¶ 11. Judge Curley dissented, reasoning that the present case poses the need for a logical extension of the holding in *Kaiser v. Board of Police & Fire Comm'rs*, 104 Wis. 2d 498, 503 N.W.2d 646 (1981). In *Kaiser* this court rejected the claim of a recently hired police officer that he could not be terminated unless there was compliance with Wis. Stat. § 62.13(5)(e). Our decision focused on Wis. Stat. § 165.85(4)(b) (1981) mandating that all new police hires be subject to a

---

4. Whether the effort described under subd. 3. was fair and objective.

5. Whether the chief discovered substantial evidence that the subordinate violated the rule or order as described in the charges filed against the subordinate.

6. Whether the chief is applying the rule or order fairly and without discrimination against the subordinate.

7. Whether the proposed discipline reasonably relates to the seriousness of the alleged violation and to the subordinate's record of service with the chief's department.

probationary period not to exceed one year. Furthermore, the officer was hired pursuant to provisions in the collective bargaining agreement that stated that all new hires were probationary for one year. Based on the express statutory provisions and the collective bargaining agreement, the court held that the protections of Wis. Stat. § 62.13(5) did not apply to the police officer in that case. *Kaiser,* 104 Wis. 2d at 501–03.

¶ 12.  The dissent concluded that a period of probation is as essential for a police officer promoted to sergeant as for a new police officer and that the legislature has granted broad discretion to police chiefs to manage the operations of their police forces.

## II

¶ 13.  The plaintiff is seeking certiorari review and a writ of mandamus to compel the Board to grant him a just cause procedure. The general scope of review pursuant to the writ of certiorari is limited to whether the Board: (1) acted within its jurisdiction; (2) proceeded on a correct theory of law; (3) was arbitrary, oppressive, or unreasonable; or (4) might have reasonably made the order or finding that it made based on the evidence. *State ex rel. Hennekens v. City of River Falls Police and Fire Comm'n,* 124 Wis. 2d 413, 419, 369 N.W.2d 670 (1985). The issue presented is whether the Board proceeded on a correct theory of law.

## III

¶ 14.  The briefs of the parties and nonparties focus to a large extent on this court's decision in *Kaiser v. Board of Police & Fire Comm'rs,* 104 Wis. 2d 498.

¶ 15.  Like the dissenting opinion in the court of appeals, the defendants argue that this case presents

an opportunity to extend our holding in *Kaiser*. They contend that the *Kaiser* court recognized the value of having a probationary period for new police officers and that the value of a probationary period extends to newly promoted sergeants. They further argue that the legislature has recognized the importance of police training and thus implicitly endorses a probationary period.[8] The defendants urge that, like the police officer in *Kaiser*, the plaintiff in the present case did not satisfy the probationary period and he is therefore not entitled to the procedures set forth in Wis. Stat. § 62.13(5)(em). The defendants assert that the police chief has broad discretion to select and retain supervisory employees, as well as police officers.[9]

¶ 16. Finally, the defendants contend that the probationary promotion in this case was done in accordance with the customary practices of the Oak Creek Police Department since 1985 and is consistent with the collective bargaining agreement with the police union. The defendants recognize that the collective

---

[8] *See* Wis. Stat. §§ 165.85(1) and 165.85(4)(e).

[9] *See* Wis. Stat. § 62.13(4)(a) and (c). The nonparty brief of the Board of Police and Fire Commissioners of the City of Madison argues that probation should be understood as a part of the appointment procedures and not the disciplinary process. As explained below, we reject this argument in this case because a disciplinary charge was filed against the plaintiff by the police chief. In this situation, Wis. Stat. § 62.13(5)(em) applies by its express terms.

The nonparty brief of the Wisconsin Chiefs of Police Association asserts that a ruling that promotions cannot be made on a probationary basis is bad public policy. The brief asserts that such a ruling will encourage police departments to hire supervisory employees from outside the ranks of existing employees so that the police chiefs can hire new sergeants subject to a probationary period.

bargaining agreement does not expressly address probationary periods for those promoted to sergeant or other supervisory positions. The defendants infer, however, from the failure of the union or any individual to challenge the probationary promotion since 1985, that a probationary promotion is consistent with the collective bargaining agreement.[10]

¶ 17.    The plaintiff responds in part by emphasizing that this court's decision in *Kaiser* was grounded in Wis. Stat. § 165.85(4)(b), providing that police employees must go through a probationary period before they can be hired on a permanent basis. The plaintiff argues that in this case there is no specific statutory authority that mandates or authorizes a period of training or probation for sergeants or other supervisory employees. In addition, the collective bargaining agreement at issue in *Kaiser* specifically provided for a probationary period for new hires. The only provision in the collective bargaining agreement in the present case addressing probationary periods refers to employees in their first year of employment.

¶ 18.    Although the defendants offer good arguments for extending the *Kaiser* rule to apply to newly promoted police officers, we agree with the plaintiff that policy rationales cannot be employed to deprive employees of procedural rights guaranteed by the legislature. The issue is whether Wis. Stat. § 62.13(5)(em) applies to this plaintiff.

---

[10] Counsel for the defendants at oral argument acknowledged, however, that no established practice exists to deny probationary promotees the procedures set forth in Wis. Stat. § 62.13(5)(em) when the probationary period was not successfully completed.

¶ 19.   Wisconsin Stat. § 62.13(5)(em) requires that an employee seeking the procedural protections of that section be a "subordinate" who "is suspended, reduced in rank,. . .or removed. . .based on charges filed. . .by the chief. . . ."[11]

¶ 20.   First, we conclude that the plaintiff is a "subordinate" as that word is used in Wis. Stat. § 62.13(5)(em).[12] The defendants do not contest this interpretation of the statute.

¶ 21.   Second, we conclude that the plaintiff was "reduced in rank" as that phrase is used in Wis. Stat. § 62.13(5)(em). The defendants argue that there was no reduction in rank because, pursuant to his probationary status, the plaintiff never achieved the rank of sergeant. This argument is unpersuasive. The memorandum sent to the plaintiff by the police chief stated: ". . .you are being promoted to the position of sergeant effective March 10, 1996." The memorandum concluded by stating "[c]ongratulations on your

---

[11] The nonparty brief of the League of Wisconsin Municipalities notes that cities with populations under 4000 are not required to follow Wis. Stat. § 62.13(5), but rather § 62.13(6m), which provides procedural protections only for any "law enforcement officer who is not probationary." The League argues that those smaller communities will be able to reduce in rank probationary sergeants without hearings, creating differences among cities that the legislature could not have intended. The legislature might have intentionally created different requirements for large and small municipalities. We need not, and do not, address whether Wis. Stat. § 62.13(6m) applies to probationary promotees in addition to new hires.

[12] See Kaiser v. Board of Police & Fire Comm'rs, 104 Wis. 2d 498, 503, 311 N.W.2d 646 (1981) ("[a]s used in the statute, ['subordinate'] is a generic term including all police officers").

promotion." In addition, according to counsel at oral argument, the plaintiff was referred to as "Sergeant Antisdel" after March 10, 1996,[13] and it appears that he was paid at a sergeant's rate. Although the police chief's memorandum stated that the plaintiff would have to complete a probationary period before the appointment would become "permanent," it is clear from the record that the plaintiff had been promoted to sergeant on a probationary basis.

¶ 22. Therefore the plaintiff was "reduced in rank" on December 10, 1996, when he was informed that from that day forward he would serve again as a police officer.[14] He was no longer called sergeant and his compensation was decreased.[15]

¶ 23. Third, we conclude that the plaintiff was reduced in rank "based on charges. . .by. . .the chief."

[13] The evaluation records filled out for the plaintiff referred to "Sergeant Antisdel," and were signed by the plaintiff as "Sergeant Antisdel."

[14] The nonparty brief for the League of Wisconsin Municipalities argues that because the Oak Creek Police and Fire Commission never approved the plaintiff's promotion, the plaintiff never achieved the rank of sergeant. Wisconsin Stat. § 62.13(4)(a) states that "[t]he chiefs shall appoint subordinates subject to the approval of the board." We refuse to adopt this interpretation of the statute. Such a reading might encourage chiefs to avoid asking boards of police and fire commissions to approve probationary promotions so that the subordinates could be reduced in rank without following the procedural requirements of Wis. Stat. § 62.13(5)(em).

[15] Although evidence of the plaintiff's wages was not presented, part of the relief sought by the plaintiff was wages lost due to his reduction in rank from sergeant to police officer after December 1996. It is reasonable to assume that the plaintiff was paid at the higher rate of sergeant until he was returned to police officer status in December 1996.

The statute does not specify what is meant by "charges."

¶ 24.   In this case the charges related to the plaintiff's conduct before he was made a sergeant. The charge was that the plaintiff allowed a colleague to use the plaintiff's address to avoid paying nonresident tuition to the Oak Creek High School. The defendants' brief argues that the action taken against the plaintiff was not disciplinary and thus does not come within the protections of Wis. Stat. § 62.13(5). We disagree with the defendants.

¶ 25.   The notice informing the plaintiff that he had not successfully completed the probationary period referred to an investigation into his conduct and stated: "Your conduct in this matter is inappropriate and unprofessional and has resulted in the dissolution of public respect and confidence in the Oak Creek Police Department." The notice further stated that the plaintiff's conduct violated police department policy, "including, but not limited to, 3.58 Unprofessional Conduct." The charge had nothing to do with the plaintiff's actual performance as a sergeant. We conclude that the charge in the present case was a disciplinary charge and thus fits within the boundaries of Wis. Stat. § 62.13(5)(em).

¶ 26.   We need not, and do not, decide whether we would reach the same decision if the plaintiff were reduced in rank from probationary sergeant to police officer because he failed to meet the level of performance demanded by his superiors or for some other nondisciplinary reason.[16]

---

[16] In *Kaiser*, 104 Wis. 2d at 503, the court stated that the officer "was not disciplined; he was terminated as not suited for service as a police officer."

¶ 27. Fourth, we conclude that the police chief filed the charges. Section 62.13(5)(b) provides that charges are to be in writing and filed with the president of the Board. Assuming that this subsection of the statute applies in this case, we note that the charges in this case were in writing and were sent to the plaintiff. The record does not indicate, however, that the police chief filed the written charges with the president. The plaintiff apparently advised the president and the Board of the written charges. We conclude that this notification

---

The court of appeals in *Eastman v. City of Madison*, 117 Wis. 2d 106, 342 N.W.2d 764 (Ct. App. 1983), dismissed the claims of a firefighter and a police officer that they were entitled to a just cause procedure. They were terminated because they violated a Madison municipal ordinance requiring that all city employees reside in the city. Relying on the above-quoted language from *Kaiser*, the court of appeals denied the officers the protections under Wis. Stat. § 62.13(5), stating:

> The [municipal] ordinance is not a disciplinary provision, and sec. 62.13(5) is therefore inapplicable. Section 62.13(5) on its face only applies to proceedings of a disciplinary nature. . . .Appellants were not disciplined. Appellants were ineligible for employment because they did not reside in the city. Section 62.13(5) is inapplicable to terminations which are not disciplinary.

*Eastman*, 117 Wis. 2d at 115 (citing *Kaiser v. Board of Police and Fire Comm'rs*, 104 Wis. 2d at 502–03).

In *Hussey v. Outagamie County*, 201 Wis. 2d 14, 548 N.W.2d 848 (Ct. App. 1996), a deputy sheriff was discharged in his first year of employment during his probationary period because of poor performance. The court of appeals applied the reasoning of *Kaiser*, 104 Wis. 2d 498, and held that the deputy sheriff could be discharged without following the procedures of Wis. Stat. § 59.26(8)(b), a provision similar to § 62.13(5). In contrast to *Eastman*, language in *Hussey* appears to reject the interpretation that § 62.13(5)(em) is limited to terminations based on disciplinary charges. *Hussey*, 201 Wis. 2d at 20.

was sufficient to satisfy the statute. It would defeat the purpose of § 62.13(5)(em) to allow the police chief and the Board to reduce the rank of a subordinate and circumvent § 62.13(5)(em) by failing to file charges with the president.

¶ 28. For the reasons set forth, we conclude that the plaintiff's claim satisfies the elements set forth in Wis. Stat. § 62.13(5)(em). We therefore conclude that the defendants proceeded on an incorrect theory of law in denying the plaintiff the procedure set forth under Wis. Stat. § 62.13(5)(em). Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.