STATE of Wisconsin EX REL. Norman NUMRICH and
Ralph Kling, Petitioners-Appellants,

v.

CITY OF MEQUON BOARD OF ZONING APPEALS,
Respondent-Respondent.†

Court of Appeals

*No. 00–1643. Submitted on briefs January 26, 2001.—Decided
March 7, 2001.*

2001 WI App 88

(Also reported in 626 N.W.2d 366.)

†Petition to review denied.

678

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *T. Michael Schober* of *Schober, Schober & Mitchell, S.C.* of New Berlin.

On behalf of the respondent-respondent, the cause was submitted on the brief of *John L. DeStefanis* of *Fuchs, Snow, DeStefanis, S.C.*, Mequon City Attorney.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. Norman Numrich and Ralph Kling (the owners) appeal from a circuit court judgment dismissing their writ of certiorari petition. The trial court dismissed the petition after it upheld the decision of the City of Mequon Board of Zoning Appeals (Board) denying the owners' applications for

conditional use permits to construct a wind energy system on their separate properties. Because the Board proceeded upon an incorrect theory of the law, we reverse the circuit court order. We remand the matter to the circuit court with instructions to remand to the Board so that it may further consider the conditional use applications under the correct law.

## *FACTS AND PROCEDURAL HISTORY*

¶ 2.   The facts and history of this case are not in dispute. The owners each own adjacent one-acre residential lots in the City of Mequon. They each wished to construct a "wind energy system" on their respective lots. WISCONSIN STAT. § 66,032(1)(m) (1997–98)[1] defines a "wind energy system" as "equipment that converts and then stores or transfers energy from the wind into usable forms of energy." To that end, the owners applied for conditional use permits for construction of the systems. The applications were referred to the city's planning commission. Following a public hearing, the planning commission unanimously voted to deny the applications.

¶ 3.   The owners appealed to the Board which conducted a contested case hearing at which both proponents and opponents of the applications testified. The evidence established that the wind energy systems

---

[1] The current statutes in WIS. STAT. ch. 66 that address and regulate wind energy systems are numbered differently than those in effect at the time of the proceedings in this case. In addition, the language of some of the current statutes in ch. 66 is different from the prior statutes. This decision will cite to and quote the ch. 66 statutes as they existed at the time of the proceedings in this case. All references in this opinion to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

consisted of an eighty-foot tower, topped by a generator and transmission turned by three fifteen-foot blades, resulting in a total height of ninety-five feet. The tower would rest on a triangular base anchored by three footings with a diameter of two feet and a depth of eight feet. The length of each side of the base would be ten percent of the height of the tower.

¶ 4.   Following the hearing, the owners' attorney and the city attorney submitted written memorandum to the Board. The owners argued that the restrictions placed on local regulations of wind energy systems set out in WIS. STAT. § 66.031 required the Board to grant the conditional use permits. The city attorney advised the Board that the permit process for a wind energy system set out in WIS. STAT. § 66.032(3) and the city's conditional use ordinance served to broaden the inquiry beyond the restrictions set out in § 66.031.

¶ 5.   The Board upheld the planning commission's denial of the conditional use applications. The Board's "Findings, Conclusions and Decision" stated, in relevant part:

> 30.   It is significant to note that *none* of the neighbors of Messrs. Numrich and Kling testified in support of the windmill towers. This would indicate to [the Board] that there is overwhelming opposition among the neighbors to the tower.
>
> 31.   This in turn is compelling evidence of a negative impact of the proposed windmill towers on the neighboring properties which derives from the fact that the homeowners in proximity to the proposed towers are convinced that their quality of life will be negatively impacted, and in turn, their property values negatively affected.
>
> . . . .

33. The City has a great interest in maintaining the property values of its housing stock, in order to foster its desirability as a residential community, in order to protect its tax base and revenues, and in order to promote high value and quality of life of its neighborhoods.

34. The approval of these conditional use applications would be contrary to these legitimate governmental interests. It would also be detrimental to the health and safety of the neighborhood and its residents in several respects: physical safety and well being due to threat of a tower or any other component falling and from noise, and in regard to the harmonious character of the neighborhood, its quality of life, and its property values.

35. Further [the Board] concludes that the issuance of the conditional use permits would unreasonably interfere with the orderly land use and development plans of the City due to disharmony of the proposed towers with the residential character of the neighborhood.

36. [The Board] concludes that the Planning Commission acted in accordance with §§ 66.031(1) and (3) and 66.032 (5)(a)1. and 3., Wisconsin Statutes, in denying conditional use permits for these proposed windmill tower facilities.

¶ 6. By petition for a writ of certiorari, the owners appealed to the circuit court. As they did before the Board, the parties again debated whether WIS. STAT. § 66.031 limited the inquiry or whether WIS. STAT. § 66.032 and the city's zoning and conditional use powers broaden the inquiry. In a written decision, the circuit court stated, "Although both sides have argued the applicability of Wisconsin Statute 66.032, it would appear this matter really turns on whether or not the

Board, in denying the permit, proceeded on an incorrect theory of the law as set forth in Wisconsin Statute 66.031." Although limiting the inquiry in keeping with the argument of the owners, the court nonetheless concluded that the evidence supported the Board's decision to reject the owners' appeals. The owners further appeal to us.

## STANDARD OF REVIEW

¶ 7.  On certiorari review, we review the agency determination, not the circuit court ruling. *Antisdel v. City of Oak Creek*, 2000 WI 35, ¶ 13, 234 Wis. 2d 154, 609 N.W.2d 464. We limit our inquiry to whether the Board: (1) acted within its jurisdiction; (2) proceeded on a correct theory of the law; (3) was arbitrary, oppressive or unreasonable; or (4) might have reasonably made the order or finding that it did based on the evidence. *Id.* The dispute in this case turns on the second factor: whether the Board proceeded on a correct theory of the law.

## DISCUSSION

### 1.  The Statutory Scheme

¶ 8.  On appeal, the parties continue their statutory debate. The owners contend that the Board proceeded on an incorrect theory of the law when it considered WIS. STAT. § 66.032 in conjunction with WIS. STAT. § 66.031 in rejecting their appeals. Instead, the owners argue that the Board should have limited its consideration to the factors set out in § 66.031. The city contends that § 66.032, in conjunction with the city's zoning and conditional use powers, served to broaden the inquiry beyond the restrictions set out in § 66.031.

¶ 9. We begin our discussion by setting out the statutory scheme of WIS. STAT. §§ 66.031 and 66.032. Section 66.031 states:

**Regulation of solar and wind energy systems.** No county, city, town or village may place any restriction, either directly or in effect, on the installation or use of a solar energy system . . . or a wind energy system . . . unless the restriction satisfies one of the following conditions:

**(1)** Serves to preserve or protect the public health or safety.

**(2)** ·Does not significantly increase the cost of the system or significantly decrease its efficiency.

**(3)** Allows for an alternative system of comparable cost and efficiency.

¶ 10. This statute is followed by WIS. STAT. § 66.032, entitled "Solar and wind access permits." We will not set out this lengthy statute verbatim. Instead, we summarize the relevant portions. The statute authorizes municipal permits for solar and wind energy systems. *Id.* at para. (1)(i). A municipality "may adopt an ordinance with any provision it deems necessary for granting a permit," including standards for granting a permit. *Id.* at subsec. (2). An owner who has installed or intends to install an energy system *may* apply for a permit. *Id.* at para. (3)(a). If the application is satisfactorily completed, the applicant must provide notice "to the owner of any property which the applicant proposes to be restricted by the permit." *Id.* at para. (3)(b). Among other things, the notice must state that the permit, if granted, "may affect the rights of the notified owner to develop his or her property and to plant vegetation." *Id.* at subd. (3)(b)3. In addition, the

notice must advise that the notified owner may request a hearing. *Id.* at subd. (3)(b)5. The municipality may also request a hearing. *Id.* at subsec. (4).

¶ 11. Whether or not a hearing occurs, the municipality shall grant the permit if: (1) the energy system will not unreasonably interfere with the orderly land use and development plans of the municipality, (2) no person who has present plans to build a structure that would impermissibly interfere with the energy system has expended more than $500 or otherwise made substantial progress toward planning or constructing such a structure, and (3) the benefits to the applicant and the public will exceed any burdens. *Id.* at para. (5)(a). The municipality may place additional conditions on the grant of a permit to minimize possible future interference with the system from nearby property or to minimize any other burden placed on any person affected by the permit grant. *Id.* at para. (5)(b).

¶ 12. If the permit is granted, the municipality must prepare a notice reciting the requisite information for recording purposes under WIS. STAT. § 706.05(2)(c) (1999–2000) regarding the applicant's property and any restricted property. This notice must indicate that the restricted property may not be developed or vegetation planted so as to create an "impermissible interference" with the energy system.[2]

---

[2] WISCONSIN STAT. § 66.032(1)(f) defines an "impermissible interference" as:

> the blockage of wind from a wind energy system or solar energy from a collector surface or proposed collector surface for which a permit has been granted under this section during a collector use period if such blockage is by any structure or vegetation on property, an owner of which was notified under sub. (3)(b).

The statute goes on to exclude certain conditions as an "impermissible interference." *Id.* at subds. (1)(f)1–3.

WIS. STAT. § 66.032(6)(a). The applicant must record the notice with the register of deeds. *Id.* at para. (6)(b).

¶ 13.   Once the notice is recorded, the statute provides remedies to the owner of the energy system against any person who uses or owns restricted property contrary to the permit. These remedies include damages, costs, reasonable attorney fees, and injunctive relief. *Id.* at paras. (7)(a) and (b).

¶ 14.   Finally, the statute says, "This section may not be construed to require that an owner obtain a permit prior to installing a solar collector or wind energy system." *Id.* at para. (12)(a).

■

¶ 15.   We draw the following conclusions from the statutory scheme created by WIS. STAT. §§ 66.031 and 66.032. First, the owner of an energy system does not need a permit under § 66.032 to construct such a system. Therefore, barring any other enforceable municipal restrictions, an owner may construct such a system without prior municipal approval. In fact, § 66.032(3) envisions that such a system might already be in place when an application for a permit is made.

■

¶ 16.   Second, unlike most land use regulations that require a permit and which are designed to protect the public and nearby property owners by placing restrictions on the permitee, WIS. STAT. § 66.032 operates largely in the reverse. It serves to *benefit and protect* the owner of a solar or wind energy system permit by *restricting* users or owners of nearby property from creating an "impermissible interference" with the energy system. If a permit is granted and the notice against nearby restricted property is recorded, the owner of the energy system has legal remedies

against a user or owner of nearby restricted property who has created an "impermissible interference."

¶ 17. Third, WIS. STAT. § 66.031 represents a legislative restriction on the ability of local governments to regulate solar and wind energy systems. Local restrictions are permitted only if they serve the public health or safety, do not significantly increase the cost or decrease the efficiency of the system, or allow for an alternative system of comparable cost and efficiency. Beyond those, no other restrictions are allowed. The statute is not trumped, qualified or limited by § 66.032 or by a municipality's zoning and conditional use powers.

¶ 18. The statutory scheme we have described is reflected in the legislative history of these statutes. When enacting the original versions of WIS. STAT. §§ 66.031 and 66.032, the legislature expressed concern about the diminishing supplies of nonrenewable energy resources, and it observed that renewable energy systems could address this concern. Laws of 1981, ch. 354, § 1.[3] To encourage the use of renewable sources of energy, the legislature resolved to remove legal impediments to such systems by:

> codifying the right of individuals to negotiate and establish renewable energy resource easements, by clarifying the authority of, and encouraging, local governments to employ existing land use powers for protecting access rights to the wind and sun, by

---

[3] This original legislation addressed only solar energy systems. The statute was later amended to include wind energy systems. 1993 Wis. Act 414, § 17. We view the original purposes of the legislation to apply to wind, as well as solar, energy systems.

688

creating a procedure for issuance of solar access permits to owners and builders of active and passive solar energy systems and by encouraging local governments to grant special exceptions and variances for renewable energy resource systems.

*Id.* at para. (2)(b).

¶ 19.   With this legislative scheme and these legislative purposes in mind, we turn to the appellate issue.

## 2.   *Review of the Decision of the Zoning Board of Appeals*

¶ 20.   The city's zoning ordinance does not specifically refer to solar or wind energy systems in those express terms. However, § 3.07(6)(d) of the Mequon Zoning Code enumerates conditional uses permitted in the owners' zoning district. These conditional uses include "[p]ublic and or private utility, transmission and distribution lines, poles, and other accessories. . . ." MEQUON ZONING CODE § 3.07(6)(d)3. Accordingly, the owners applied for conditional use permits.

¶ 21.   However, it is clear from the record that the owners were not seeking the permits envisioned by WIS. STAT. § 66.032. We say this because the owners consistently argued throughout all levels of the proceedings (planning commission, board of zoning appeals, and the circuit court) that the city could only impose restrictions consistent with those set out in WIS. STAT. § 66.031. This was in sharp contrast to the equally consistent argument of the city that § 66.032 and the city's zoning and conditional use powers served

to broaden the scope of the inquiry beyond the limited restrictions set out in § 66.031.[4]

¶ 22.   The Board's decision adopted the city attorney's interpretation of the statutes. As a result, the Board premised its denial of the conditional use applications on both WIS. STAT. §§ 66.031 *and* 66.032. "[The Board] concludes that the Planning Commission acted in accordance with §§ 66.031(1) and (3) and 66.032(5)(a)1. and 3., Wisconsin Statutes, in denying conditional use permits for these proposed windmill tower facilities." The factual determinations made by the Board bear out that § 66.032 played a prominent role in the Board's decision to reject the conditional use permits. The Board alluded to the negative impact of the energy systems on the property values of neighboring properties and on the aesthetics of the neighborhood. These considerations fall within the purview of § 66.032(5)(a) which permits the Board to weigh the relative burdens and benefits of the energy system. The Board also determined that granting the permits would "unreasonably interfere with the orderly land use and development plans of the City." This consideration squarely falls under § 66.032(5)(a)1 (A permit shall be granted if the municipality determines that "[t]he granting of a permit will not unreasonably interfere with the orderly land use and development plans of the municipality."). In addition,

---

[4] Thus, we reject the city's argument that the owners consented to the Board exercising its jurisdiction under WIS. STAT. § 66.032. As early as the planning commission hearing, the owners, both in their oral and written presentations, focused squarely on the limited authority of the city to regulate a wind energy system under WIS. STAT. § 66.031. And they pursued this theory of the case throughout the remainder of the proceedings at all levels.

the Board rested its denial on the public safety concerns set out in § 66.031(1) when it said, "It would also be detrimental to the health and safety of the neighborhood and its residents in several respects: physical safety and well being due to threat of a tower or any other component falling and from noise."

¶ 23. We conclude that the Board erred by factoring WIS. STAT. § 66.032 into its determination. As we have noted, the owners were not seeking permits under § 66.032. To the contrary, they continuously argued against the application of § 66.032. Instead, they were seeking conditional use permits. Because WIS. STAT. § 66.031 places limitations on the authority of local governments to regulate wind energy systems, the Board's reliance on § 66.032 or its traditional zoning and conditional use powers was misplaced. Instead, the Board was duty bound to confine its consideration of the conditional use applications *in light of the restrictions placed on local regulations pursuant to § 66.031.* Therefore, the Board proceeded on an incorrect theory of the law.

¶ 24. That leaves us with the question of whether we should follow the lead of the circuit court by eliminating WIS. STAT. § 66.032 from our judicial review and tailoring the Board's decision to only those factors that are relevant under WIS. STAT. § 66.031. We decline to follow the circuit court's lead given the facts of this case. We think the better procedure is to remand this case to the circuit court with directions to remand the matter to the Board for further consideration of the issue in light of our holding. *See State ex rel. Covenant Harbor Bible Camp v. Steinke,* 7 Wis. 2d 275, 285, 96 N.W.2d 356 (1959). We do this for two reasons. First,

we cannot know for certain the extent to which the Board's incorrect consideration of irrelevant factors under § 66.032 and conditional use ordinances may have colored the Board's consideration of relevant factors under § 66.031. Second, the legislature has prescribed that it is the municipality, not the circuit court or this court, which is the principal decision-maker on matters of conditional use. Given the unique history of this case, we conclude, in fairness to all the parties and the public, that the Board should be permitted to revisit this matter under a correct theory of the law.

## CONCLUSION

¶ 25. We conclude that the Board proceeded on an incorrect theory of the law when rejecting the owners' applications for the conditional use permits. We reverse the circuit court order upholding the Board's ruling. We remand this matter to the circuit court with directions to further remand the matter to the Board which shall reconsider the conditional use applications in light of the express restrictions placed on local regulation of wind energy systems imposed by WIS. STAT. § 66.031.

*By the Court.*—Judgment reversed and cause remanded with directions.