COURT OF APPEALS
DECISION
DATED AND FILED

May 15, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1269**

Cir. Ct. No. **2023CV188**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

PAWAN KUMAR AND MADAN LAL,

PLAINTIFFS-APPELLANTS,

V.

RAJESH KUMAR AND DURGA INVESTMENTS, LLC,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Waukesha County: MICHAEL P. MAXWELL, Judge. *Affirmed in part; reversed in part and cause remanded*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Pawan Kumar and Madan Lal (Plaintiffs) appeal from an order of the circuit court dismissing certain of their claims against Rajesh Kumar and Durga Investments, LLC (Defendants).  Plaintiffs contend the court erred in dismissing their claims against Durga for lack of personal jurisdiction because it refused to consider evidence submitted by Plaintiffs regarding Durga's contacts with Wisconsin and instead limited its analysis to the allegations in the complaint.  They also argue that the court erred in dismissing their intentional misrepresentation claim.  We agree that the court erred in failing to consider the evidence submitted by Plaintiffs in opposition to Defendants' jurisdictional challenge.  We further conclude that the evidence is sufficient to establish personal jurisdiction over Durga.  However, the court did not err in dismissing the intentional misrepresentation claim against both Defendants.  Accordingly, we reverse the circuit court's order dismissing Durga for lack of personal jurisdiction, affirm the court's dismissal of the intentional misrepresentation claim, and remand this case for further proceedings.

## BACKGROUND

¶2      Plaintiffs commenced this lawsuit in Waukesha County, Wisconsin, alleging claims for breach of contract, breach of fiduciary duty, and intentional misrepresentation.  The relevant allegations from the complaint are as follows. Pawan, Lal, and Rajesh are residents of Wisconsin.  Rajesh is the managing member of Durga, a Georgia limited liability company.  Rajesh owns fifty percent of the limited liability company, while Plaintiffs each own twenty-five percent. Durga was primarily in the business of real estate ownership, rental, and leasing. Plaintiffs allege that Durga's sole asset was property in Georgia "worth over One Million Dollars" that it sold in May 2021.

2

¶3      Plaintiffs allege that they "have made repeated requests for information" from Rajesh, "including a request to see bank statements, financial statements, the closing documents for the sale of the real estate, miscellaneous financial records, and tax returns as well as the amended operating agreement of the limited liability company." Rajesh has failed to provide any information Plaintiffs have requested. As a result, Plaintiffs allege they are unable to determine "the value of their investment in the company, any income they are owed by the company, proceeds of the sale of the real estate described, and [Durga's] corporate structure."

¶4      Plaintiffs further allege that Rajesh, "both individually and on behalf of defendant, Durga Investments, LLC, misrepresented to the plaintiffs the status of the company by the mere failure to respond to reasonable requests for information about the company." They allege that Rajesh, "by his silence, and his ignorance of the duties he has to the plaintiffs, has intentionally misrepresented to the plaintiffs their current status in the company and their right to obtain information about the company and thereby due to omission, has misrepresented the status of the defendant company."

¶5      Plaintiffs also allege that Defendants have failed to advise regarding income or profits on their investments to which they are entitled, and they assert that Defendants "have transferred money and/or taken positions to enhance [Rajesh's] position relative to the assets of [Durga]."

¶6 Defendants moved to dismiss Plaintiffs' claims against Durga for lack of personal jurisdiction pursuant to WIS. STAT. § 802.06(2)(a)3. (2021-22).[1] The motion alleged that Durga was formed in Georgia, has its principal office in Georgia, and otherwise lacked the necessary minimum contacts with Wisconsin to establish personal jurisdiction. Defendants also moved to dismiss all of Plaintiffs' claims pursuant to § 802.06(2)(a)6. for failure to state a claim.

¶7 Plaintiffs opposed the motion and submitted an affidavit from Lal stating that "virtually all of [Durga's] dealings" have been performed in Wisconsin "by and through its various owners." For example, Lal averred that Durga's banking activity has occurred in Wisconsin and attached bank statements for Durga listing Rajesh's Wisconsin address. Lal also averred that "[a]ll agreements for the LLC and subsequent sale of the Georgia real estate were negotiated and executed here, in Wisconsin." Finally, Lal stated that Durga "has retained lawyers in Wisconsin" related to matters other than this lawsuit and that he "ha[s] received a K-1 generated from Durga Investments LLC here, in Wisconsin." Lal went on to state his understanding that the Georgia real estate has been sold and that Durga no longer owns any assets in Georgia.

¶8 At a hearing on Defendants' motion, counsel for Defendants urged the circuit court not to consider Lal's affidavit because "it's really trying to amend the complaint that's been submitted. It introduced a host of new facts. It introduces entirely new scenarios. It contradicts with the pleadings that are in the record …." The circuit court granted the motion to dismiss the claims against

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Durga for lack of personal jurisdiction, stating that "there is no allegation in the complaint that there was activity or action in the state of Wisconsin." The court also granted the motion to dismiss the intentional representation claim, stating that the complaint did not plead "the essential elements … of misrepresentation." Plaintiffs appeal.

## DISCUSSION

### I.      Personal Jurisdiction

¶9      Whether a court has personal jurisdiction over an out-of-state defendant is a question of law we review de novo. *Johnson Litho Graphics of Eau Claire, Ltd. v. Sarver*, 2012 WI App 107, ¶6, 344 Wis. 2d 374, 824 N.W.2d 127. The question involves a two-step inquiry. *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶8, 245 Wis. 2d 396, 629 N.W.2d 662. The circuit court first determines if the defendant is "subject to jurisdiction under Wisconsin's long-arm statute," WIS. STAT. § 801.05. *Kopke*, 245 Wis. 2d 396, ¶8. If so, then the court considers whether the exercise of long-arm jurisdiction satisfies the nonresident's constitutional due process rights. *Id.* The plaintiff bears "the minimal burden of establishing a prima facie threshold showing" that both the statutory and constitutional requirements are satisfied. *Id.* (citation omitted).

¶10      WISCONSIN STAT. § 802.06(4) provides that when the defendant challenges personal jurisdiction, that issue "shall be heard and determined before trial" in accordance with WIS. STAT. § 801.08. In turn, § 801.08(1) expressly provides that "[a]ll issues of fact … raised by an objection to the court's jurisdiction over the person or property as provided by [§] 802.06(2) shall be heard by the court without a jury in advance of any issue going to the merits of the case."

¶11    As relevant here, "a complaint need not state facts necessary to give the court personal jurisdiction over the defendant." *Bielefeldt v. St. Louis Fire Door Co.*, 90 Wis. 2d 245, 253, 279 N.W.2d 464 (1979). Thus, in reviewing whether a plaintiff has met his or her burden, "we may consider documentary evidence and weigh affidavits." *Kopke*, 245 Wis. 2d 396, ¶8. "We accept as true all well-pleaded allegations in the complaint, unless controverted by affidavits of the challenging party." *Carlson v. Fidelity Motor Grp., LLC*, 2015 WI App 16, ¶8, 360 Wis. 2d 369, 860 N.W.2d 299. "Factual doubts are to be resolved in favor of the plaintiff," *Kopke,* 245 Wis. 2d 396, ¶8 (citation omitted), and we must keep in mind that "[t]he focus in a jurisdictional analysis is not on the plaintiff but on the [defendant's] contacts with Wisconsin." *Stayart v. Hance,* 2007 WI App 204, ¶15, 305 Wis. 2d 380, 740 N.W.2d 168.

¶12    Here, the circuit court erroneously declined to consider the evidence Plaintiffs submitted in response to the motion to dismiss for lack of personal jurisdiction. The court improperly limited its analysis to the allegations in the complaint and based its decision on the purported lack of allegations "that there was activity or action in the state of Wisconsin."

¶13    Plaintiffs contend that the complaint, Lal's affidavit, and the attached bank statements establish a basis for personal jurisdiction over Durga under multiple provisions in Wisconsin's long-arm statute, WIS. STAT. § 801.05. For example, they argue that Lal's affidavit establishes that all of the members of Durga are Wisconsin residents, that Durga conducts its banking activity in Wisconsin, that agreements related to Durga and its sale of real estate in Georgia were negotiated and executed in Wisconsin, and that Lal received a K-1 from Durga in Wisconsin. These facts, Plaintiffs argue, establish personal jurisdiction under § 801.05(1)(d) because they show that Durga "engaged in substantial and

6

not isolated activities within" Wisconsin.[2] Plaintiffs contend further that Durga's contacts with Wisconsin satisfy constitutional due process because they show that Durga "purposely availed itself" of the privilege of doing business in Wisconsin, and thus requiring it to defend itself in a Wisconsin court does not offend "fair play and substantial justice." *See Kopke*, 245 Wis. 2d 396, ¶23 (citation omitted).

¶14 Defendants do not address the merits of Plaintiffs' argument. Instead, they contend that the circuit court was correct not to consider Lal's affidavit and to limit its analysis to the allegations in the complaint. As explained above, Wisconsin law expressly relieves a plaintiff of the obligation to establish jurisdiction in the complaint and permits circuit courts to consider materials outside the complaint when analyzing personal jurisdiction. Given Defendants' failure to respond to Plaintiffs' jurisdictional arguments, we deem them to have conceded that Plaintiffs' evidentiary submissions establish the statutory and

---

[2] WISCONSIN STAT. § 801.05(1) provides that "[a] court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to [WIS. STAT. §] 801.11" if, among other things:

(1) LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:

(a) Is a natural person present within this state when served; or

(b) Is a natural person domiciled within this state; or

(c) Is a domestic corporation or limited liability company; or

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

constitutional bases for the exercise of personal jurisdiction over Durga. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).[3]

## II. Intentional Misrepresentation

¶15    Plaintiffs also challenge the circuit court's dismissal of their intentional misrepresentation claim. Defendants contend that the complaint fails to allege several essential elements of intentional misrepresentation—specifically, (1) an affirmative representation of fact that was untrue; and (2) Plaintiffs' reliance upon it. *See Kailin v. Armstrong*, 2002 WI App 70, ¶31, 252 Wis. 2d 676, 643 N.W.2d 132 (listing elements of intentional misrepresentation).

¶16    "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted). "[W]e accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.* To withstand a motion to dismiss, those facts and inferences must "plausibly suggest a violation of applicable law." *Id.*, ¶21. Whether a claim is sufficient to withstand a motion to dismiss is a question of law that we review de novo. *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855 (1998).

---

[3] In light of our conclusion that jurisdiction is conceded, we need not reach Plaintiffs' additional arguments that jurisdiction is established under WIS. STAT. § 801.05(3), (5) and (6). *See Hussey v. Outagamie County*, 201 Wis. 2d 14, 17 n.3, 548 N.W.2d 848 (Ct. App. 1996) ("If a decision on one point disposes of the appeal, we will not consider other issues raised.").

¶17    In lieu of allegations of false words, Plaintiffs allege that Rajesh, as the managing member of Durga, "failed and refused to provide any information" to Plaintiffs in response to their repeated requests for financial and other information, including information about the proceeds from the sale of the real estate, in breach of his fiduciary duty.[4]

¶18    "The general rule is that silence, a failure to disclose a fact, is not an intentional misrepresentation unless the [nondisclosing party] has a duty to disclose." *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 26, 288 N.W.2d 95 (1980). "If there is a duty to disclose a fact, failure to disclose that fact is treated in the law as equivalent to a representation of the nonexistence of the fact." *Id.*  As relevant here, "[i]f a fiduciary relationship exists between the parties, however, the failure to disclose may be actionable as both an intentional misrepresentation (fraud) and a breach of fiduciary duty." *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶50, 284 Wis. 2d 307, 700 N.W.2d 180 (footnotes omitted).

¶19    Here, Rajesh's alleged failure to disclose information about the proceeds of the sale of the real estate, for example, arguably amounts to a representation that there were none.  That said, even assuming that Rajesh's alleged failure to provide *any* factual information was made with intent to deceive Plaintiffs and induce them to act upon it to their pecuniary damage, there are no allegations that plausibly suggest that Plaintiffs believed the "representation" that there was no information to be provided or that they relied on it.  *See* WIS JI—CIVIL 2401 (identifying elements of intentional misrepresentation to include "that

---

[4] Defendants do not dispute that Rajesh, the managing member of Durga, owes Plaintiffs a fiduciary duty.

(plaintiff) believed such representation to be true and relied on it"). Defendants emphasize the absence of allegations related to this element in their appellate brief, and Plaintiffs do not point to any such allegations in their reply brief. We take their failure to do so as a concession. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (recognizing that the failure to refute a proposition asserted in a response brief may be taken as a concession).

¶20 For these reasons, we affirm the circuit court's determination that the complaint failed to allege a claim for intentional misrepresentation. We reverse the circuit court's order dismissing Plaintiffs' claims against Durga on personal jurisdiction grounds and remand this case for further proceedings. Given our disposition, we deny Defendants' motion for an award of attorney fees and costs pursuant to WIS. STAT. RULE 809.25(3).

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.